The Board of Commissioners of Shelby County v. Deprez, Administrator.

---

No. 8905.

THE BOARD OF COMMISSIONERS OF SHELBY COUNTY v. DEPREZ, ADMINISTRATOR.

<table>
<tr><td>87</td><td>509</td></tr>
<tr><td>126</td><td>371</td></tr>
<tr><td>87</td><td>509</td></tr>
<tr><td>134</td><td>5</td></tr>
<tr><td>87</td><td>509</td></tr>
<tr><td>137</td><td>144</td></tr>
</table>

BRIDGES.—*Negligence.*—*County.*—A county is liable for a failure to exercise ordinary care and skill in the construction of bridges upon the highways of the county, including the approaches thereto.

SAME.—*Complaint.*—A complaint in an action against a county for an injury resulting from the negligent failure of the county to put up railings at the approaches of a bridge, which shows that the county built the bridge, but fails to show that it was upon such highway, or at a place where the county had authority to build it, is bad on demurrer.

From the Johnson Circuit Court.

*E. P. Ferris, D. D. Banta, W. W. Spencer, J. S. Ferris, T. B. Adams* and *L. T. Michener,* for appellants.

*N. B. Berryman* and *B. F. Love,* for appellee.

ELLIOTT, J.—We copy from the complaint of the appellee that part which describes the negligent acts alleged to give the appellee a cause of action; it is as follows:

" The plaintiff complains of said defendant, and says that in the year 1867 the defendants built and constructed, and caused to be built and constructed across a stream of water known as Blue river, in said county, and near the northern terminus of Harrison street, in the city of Shelbyville, and on or near what is commonly known and called the Michigan State road, a certain bridge across said stream; that said

defendants, by themselves, their agents and employees, built and constructed said bridge in a careless, negligent, unskilful and improper manner, in this: That between the parapet wall of the abutment on the south end of said bridge and the arch at the east side and south end of said bridge there is an unprotected and open space for a distance of seven feet from said abutment to said arch; that underneath said open way there is a chasm of the depth of twenty feet, of the full length of said open way, at the bottom of which, underneath said open way, are many rough stones in the bed of said stream; that in the construction and building of said bridge the defendants carelessly and negligently failed and neglected to construct any wall, railing or bannister to protect persons, animals or vehicles from being precipitated therefrom at said point; that said bridge and the roads connecting therewith, from the time said bridge was constructed to the present, were and are much frequented by travel; and that from the time of the construction of said bridge up to the time of the injuries hereafter complained of, said bridge was kept and maintained in its said unprotected and unsafe condition as aforesaid."

It has been decided in several cases that counties are bound to use ordinary care and skill in the construction or maintenance of bridges forming parts of the public highways, and that they are liable to an action for injuries resulting from this breach of duty; and we are satisfied that these cases correctly state the law. *House* v. *Board, etc.,* 60 Ind. 580 (28 Am. R. 657); *Pritchett* v. *Board, etc.,* 62 Ind. 210. We are asked to overrule these cases, but we have found no reason for questioning their soundness. They are approved in the late cases of *State, ex rel.,* v. *Board, etc.,* 80 Ind. 478 (41 Am. R. 821); *State, ex rel.,* v. *Demaree,* 80 Ind. 519; *Board, etc.,* v. *Pritchett,* 85 Ind. 68. Judge Thompson, in his work on Negligence, points out the distinction between counties organized and existing under a statute empowering them to raise funds, and political organizations having no such powers,

and approves the principle laid down in *House* v. *Board, etc.,* *supra.* He says: " The ground on which Lord KENYON placed his judgment in *Russell* v. *Men of Devon* [2 T. R. 667], that counties have no corporate fund, and that judgments for damages against them would hence have to be levied off the property of any one or more of the individual inhabitants— is not sound when applied to counties in Missouri, Illinois and other Western States. These counties are political bodies, having a common administrative board, elected by the voters of the county, by which the business of the county is transacted. Through this board the county contracts and is contracted with, sues and is sued. Many counties issue negotiable securities in large amounts. Their administrative boards possess a limited power of taxation for county purposes. In these respects, no substantial difference is perceived to exist between them and chartered municipal corporations." 1 Thomp. Neg. 618. In speaking of *House* v. *Board, etc., supra,* Judge Dillon says: " It must be confessed that it is not easy to find a legal basis for the distinction between cities and counties in respect of the duty to keep the streets and highways under their respective jurisdictions in repair, whereby the former are held to an *implied* civil liability for damages caused by the neglect of this duty, and the latter are held not to be thus liable." 2 Dill. Mun. Corp., 3d ed., section 998. We think no basis upon which to rest such a distinction can be found, for the reason that none exists.

We can not, therefore, hold the complaint bad on the ground that there is no liability for a breach of duty respecting bridges belonging to the county, or forming part of a public highway under the charge and control of its officers.

Where a duty rests upon a county or other public corporation to make a bridge reasonably safe for travel, it is culpably negligent if it fails to use ordinary care to make the approaches safe; for approaches are parts of the bridge. *Driftwood, etc., Co.* v. *Board, etc.,* 72 Ind. 226; *State, ex rel.,* v. *Demaree, supra.*

Where railings are needed to make a bridge reasonably safe

for travel by those who exercise ordinary care, the corporation in charge of the bridge is guilty of actionable negligence if it fails to use ordinary care and diligence to supply them. Whether such railings are needed is usually a question of fact for the jury; but when, without them, the bridge would be unsafe, the corporation must use ordinary care to supply and place them in proper position. Shear. & Redf. Neg., section 253; 2 Thompson Neg. 797.

There is a fatal defect in the complaint. It is not shown that the bridge was one which the county had authority to build. It is well settled that a public corporation can not be held responsible for injuries resulting from an act done by its officers beyond its power and jurisdiction. There is, in this respect, a well defined distinction between public and private corporations. *Browning* v. *Board, etc.,* 44 Ind. 11; *Haag* v. *Board, etc.,* 60 Ind. 511 (28 Am. R. 654); *Driftwood, etc., Co.* v. *Board, etc.,* 72 Ind. 226; *Cummins* v. *City of Seymour,* 79 Ind. 491 (41 Am. R. 618). A public corporation is not liable for injuries caused by the unsafe condition of a bridge which its officers had no authority to build. 2 Dill. Mun. Corp. (3d ed.), section 970. There is nothing showing that the bridge formed any part of a highway, or that the place where it was built was one where the county had authority to build a bridge.

Where negligence is the ground of an action against a public corporation, it is necessary to show a duty and its breach. Neither a county nor a city can be made responsible for negligence in maintaining a bridge or highway unless there rests upon it some duty. This is an old and familiar rule. In one of the old books it is said that to charge a person for negligence respecting a public work the law must have imposed a duty upon him so as to make that neglect culpable. Esp. Nisi Prius, 365. In *Mayor, etc.,* v. *Henley,* 3 Barn. & Ad. 77, it is said, that in order to make a declaration good it must appear that the corporation was under a legal obligation to repair. There is no fact pleaded showing that the county was

under any duty to build or maintain the bridge described in the complaint.

It is true that the appellee alleges that "the bridge and the road connected therewith were much frequented by travel;" but this is far from an averment that it was part of a county highway. Turnpike roads and other ways are much travelled, but they are not county roads. Counties are not responsible for unsafe bridges not belonging to them, and not built by them in places where they have authority to build them. No complaint can be good without an affirmative showing of the authority to build at the place where the bridge was erected.

The complaint, instead of showing that the bridge is a county bridge, really shows that it is a bridge within the city of Shelbyville. It may be that there are exceptional cases where a county may own and be responsible for a bridge within an incorporated city. *Carpenter* v. *City of Cohoes*, 81 N. Y. 21; S. C., 37 Am. R. 468; *Eyler* v. *County Comm'rs*, 49 Md. 257; S. C., 33 Am. R. 249; *McClure* v. *Common Council*, 2 Ind. 147. This point, however, is not passed upon, for its consideration is not necessary to a decision of the case before us. Where the complaint shows a bridge to be within a city the county can not be held liable, if, in such a case, it can be held liable at all, without affirmatively showing that the bridge belonged to the county, and that the county was charged with the duty of maintaining it.

Under our statute it is quite clear that counties have no power to build bridges as part of the streets of a city, for that duty is expressly committed to the common council. R. S. 1881, section 3161; *Lowrey* v. *City of Delphi*, 55 Ind. 250; *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98).

Judgment reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.