Patton *et al. v.* Board of Commissioners of Montgomery County.

No. 11,372.

PATTON ET AL. *v.* BOARD OF COMMISSIONERS OF MONT-
GOMERY COUNTY.

BRIDGES.—*Duty to Repair.*—*Negligence.*—*Liability of Counties under Act of
1881.*—County bridges are under the control of the board of Commis-
sioners, and for negligence in suffering them to get out of repair the
county is liable, and this liability is not changed by the act of 1881.

.From the Montgomery Circuit Court.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for appel-
lants.

*J. M. Thompson, W. B. Herod* and *W. H. Thompson,* for
appellee.

ELLIOTT, C. J.—The appellants' complaint is for an injury
alleged to have been caused by the negligence of the county
authorities in suffering a bridge of the county to become un-
safe. The injury occurred while the act of 1881 was in force,
and it is contended by the appellant, that under that act the
superintendent of roads, and not the county commissioners,
is the party against whom the action should be brought.

It was said, in *State* v. *Clark,* 4 Ind. 315: "In legal con-
templation, the board of commissioners is the county." In
another case it was said: "The board of commissioners have
very full powers in reference to the affairs of their respective
counties. * * They control the county property." *Board, etc.,*
v. *Saunders,* 17 Ind. 437 ; *Nixon* v. *State, ex rel., ante,* p. 111.
Bridges belong to the county, not to the superintendent,
supervisor or any other ministerial officer, and with the right
of ownership goes the burden of responsibility. The county
is responsible for the care and management of the public
property entrusted to its charge, and where that property is a
bridge, it is bound to keep it in reasonably safe condition for
travel. The right of action is, therefore, against the county,
and actions to recover damages from the county must be

brought against the board of commissioners, and not again'st subordinate ministerial officers.

The principle upon which counties and other public corporations are held responsible for injuries occurring from the negligence of officers respecting bridges, is, that as the governing officers are provided with means for making bridges safe, and are required to keep them in repair, there rests upon the corporations a duty to employ the means placed at their command for the purpose contemplated by the law. Having the means to make bridges safe, they are bound to use reasonable diligence to effect that object; if they fail in this they are guilty of a breach of duty, and, as a general rule, a breach of duty on the part of the corporation constitutes actionable negligence. Our cases apply this principle to the duty of counties in maintaining public bridges. *Board, etc.,* v. *Emmerson,* 95 Ind. 579; *Board, etc.,* v. *Legg,* 93 Ind. 523; *Board, etc.,* v. *Brown,* 89 Ind. 48; *Board, etc.,* v. *Deprez,* 87 Ind. 509. The duty rests upon the corporation, and, although the specific act of negligence may be committed by one of its officers, the right of action is against the public corporation.

It is a general rule that the negligence of an agent or officer of a town or city is the negligence of the corporation. This rule is so well settled that it is unnecessary to cite authorities upon the point. We can perceive no reason why it should not apply to counties. Under our system counties have organized forms of government and, unlike English counties, constitute corporations invested with powers of local government. If cities and towns are held to responsibility for the acts of ministerial officers, so must counties be, or we must, arbitrarily and without reason, create an exception to a well settled principle. Road superintendents and supervisors are ministerial officers, holding a position similar, in all material respects, to that held by street commissioners in cities, and there are scores of cases holding that for the negligence of street commissioners the corporations are answerable.

Patton *et al. v.* Board of Commissioners of Montgomery County.

A supervisor or superintendent is not a governing officer, but is a mere ministerial officer. He can raise no revenue for the repair of bridges; that can only be done by the governing officers who represent the corporation, and whose acts are, in legal effect, the acts of the corporation. The failure to raise revenues and to see that they are properly applied is the failure of the corporation, no matter what one of the officers may have failed in his duty. The person injured by the breach of duty has a right, therefore, to demand reparation for the wrong from the corporation.

The act of 1881 does not take from the board of commissioners governing power. The board retains general authority over all county affairs, and the superintendent is a subordinate ministerial officer charged with the performance of specific duties, but acting for the county concerning the repair of public bridges, and if he is negligent the county is responsible, upon the familiar rule that the principal must answer for the act of the agent. The reasoning in the case of *Board, etc.,* v. *Emmerson, supra,* is applicable to the present question, although the statutes are not entirely similar. In our opinion the conclusion there reached, that the commissioners are continued as the controlling officers with general governmental powers, and that the supervisor or superintendent is a subordinate ministerial officer, is the correct one, whether applied to the act of 1881 or that of 1883.

It seems quite clear that neither the act of 1881 nor that of 1883 intended to take the bridges from the general supervision of the governing officers of the county, and, if this be so, then it follows that for a negligent breach of duty on the part of subordinate ministerial officers, the county must be liable.

Judgment reversed with instructions to sustain appellants" motion for a new trial.

Filed June 4, 1884.