No. 14,667.

## THE BOARD OF COMMISSIONERS OF SULLIVAN COUNTY v. ARNETT.

COUNTY.—*Negligence.*—*Failure to Keep Bridges in Repair.*—Counties are liable for damages resulting from a negligent failure on their part to keep bridges on public highways in repair, without regard to the cost of the repairs.

SAME.—*Cost of Repairs.*—*Duty of Township Trustee.*—The duty imposed by section 2892, R. S. 1881, upon county commissioners to keep bridges in repair, and the liability resulting from a breach thereof, are not affected by the act of 1885, making it the duty of township trustees to make repairs when the cost is less than seventy-five dollars.

SAME.—*Presenting Claim to Board of Commissioners.*—*Jurisdiction.*—It is not necessary that the plaintiff in an action against a county shall prove that he filed his claim before the board of commissioners prior to bringing the action in the circuit court.

SAME.—*Damages:*—*Elements of.*—The amount of money judiciously expended by a plaintiff, and the fair value of his personal services, in endeavoring to cure a horse injured by a defective bridge, are proper elements of damages in an action against the county.

PRACTICE.—*Examination of Witness.*—*Objection to Question.*—*Statement of What it is Expected to Elicit.*—There is no available error in sustaining an objection to a question propounded to a witness, where no statement is made as to what testimony is expected in answer thereto.

ARGUMENT OF COUNSEL.—*Reading Instructions to Jury.*—*Right to be Further Heard.*—Where counsel for the defendant read to the jury and comment upon a part of the instructions which the court has determined to give, counsel for the plaintiff in closing the argument may read and comment upon the remaining instructions, without entitling the defendant to be further heard.

From the Sullivan Circuit Court.

*J. T. Beasley* and *A. B. Williams*, for appellant.

*J. S. Bays*, for appellee.

ZOLLARS, J.—Appellee's colt was injured upon and by reason of a defective bridge upon a public highway. The injury resulted in its death.

He instituted this action against the county to recover the

damages which he claims to have suffered by the loss of his colt.    He recovered a judgment below.

Appellant's counsel contend that the county is not liable, for the reason that the bridge might have been repaired for less than seventy-five dollars.

That contention is based upon the 3d section of the act of 1885 (Acts 1885, p. 202), which is an amendment of the 19th section of the act of 1883 (Acts 1883, p. 68), and provides that " If the probable cost of constructing or repairing any bridge shall exceed seventy-five dollars, the township trustee of the township where such proposed bridge or culvert is to be located shall notify the board of commissioners of his county of the necessity of such bridge or culvert, and if in the opinion of the county commissioners the public convenience shall require the building or repairing of such bridge or culvert, they shall cause surveys and estimates thereof to be made, and cause the same to be erected, the trustee of the said township in which is located the said bridge or culvert shall, however, pay from the road fund of the said township seventy-five dollars of the cost of such building or repairs : *Provided, however,* That the county commissioners may, in their discretion, direct the trustee of the said township in which is located such bridge or culvert to proceed with the building or repairing of such bridge or culvert, and appropriate from the county treasury money for the payment of all costs of such building or repairs in excess of seventy-five dollars : *Provided, further,* That if the board of commissioners shall not deem such bridge or culvert of sufficient importance to make an appropriation from the county treasury for the building or repairing thereof, the trustee of the township in which is located such bridge or culvert may appropriate any part of the road tax fund in the township treasury for that purpose, if he shall deem it right and expedient to do so."

It may reasonably be said, as contended by appellee's counsel, that the record does not fairly present the question

which counsel for appellant insist arises in the construction of the foregoing section of the act of 1885. Very clearly, the pleadings do not present the question.

The evidence shows that the colt was injured by stepping into a hole in the floor of the bridge. Probably it would have cost less than seventy-five dollars to repair the floor at the place where the colt was injured, but it is not shown that such repair was all that was necessary. On the other hand, it is shown that the bridge had been damaged by the falling of a tree upon it some three years before the injury to the colt, and that it finally became impassable, and was abandoned a short time thereafter.

It does not follow that because the stopping of the particular hole in the floor might have prevented the injury to the colt, no other repairs were necessary. As we have seen, other repairs were necessary. To have repaired the floor at the place where the colt was injured would have been but a partial performance of duty. Such repairs to the floor might have prevented the injury to appellee's colt at that particular time, but other property, and perhaps persons, might have been injured by reason of other defects in the bridge. When a bridge is out of repair, and an investigation is made by the township trustee, or by the county board, as to the cost of the needed repairs, the investigation must not stop with some particular defect which may have caused an injury to persons or property.

What would have been the cost of a proper repairing of the bridge is not shown, and hence it can not be determined from the record before us that the case falls within the construction which appellant's counsel put upon the act of 1885, *supra*.

Our judgment, however, is that that act does not exonerate the county, or the board of commissioners, which is the same, from the duties and responsibilities resting upon them in relation to bridges upon public highways. Statutes very similar have been in force for many years.

The act of 1857, for example, provides that if the estimated cost of the building or repairing of a bridge shall exceed the ability of the road district in which such bridge is to be built, by the application of its ordinary road work tax, to perform, the county commissioners may make an appropriation from the county treasury to build or repair the'same. R. S. 1881, sections 2885, 2886.

The act of 1881, in relation to the construction and repair of highways, provided that the superintendent of roads in each township should take charge of all roads, highways and bridges in his township, and cause the same to be kept in as good condition as the prudent use of the means in his hands would permit, etc.    R. S. 1881, section 5065.

And so, the act of 1883 provides that the supervisor of roads shall carry into effect all orders of the trustee of the township in which the road district is situated, touching the highways and bridges therein, and keep the same in good repair.    Acts 1883, p. 63, section 5.

Section 19 of that act, which, as we have stated, was amended by the act of 1885, *supra*, provided that if the probable cost of constructing any bridge or culvert should exceed fifty dollars, it should be the duty of the township trustee of the township where such proposed bridge or culvert was to be located, to notify the board of commissioners of his county of the necessity of such bridge or culvert, and to state the probable cost of the same, and that if satisfied that the bridge would be of public utility, and would cost fifty dollars or more, the county board should order the bridge to be constructed and paid for out of the county bridge fund.

It seems to have been contemplated by these several statutes, just as clearly as by the act of 1885, *supra*, that the road and township officers should, and shall, exercise a supervision over the bridges in the township and road districts, and construct and repair them when the cost of such construction and repair did not, and does not, exceed a certain

amount, fixed in the former acts at fifty dollars, and in the act of 1885 at seventy-five dollars; and that when the cost of such construction or repair was, or is, less than the amount named, it should, and shall, be paid out of the township road fund.

If, under the act of 1885, as contended by appellant's counsel, the county is not bound to repair a bridge unless the cost of the same exceeds seventy-five dollars, and is exonerated from liability in all cases where the repairs might have been made for that sum, there is no sufficient reason for the holding that, under the law as it stood before the act of 1885 was passed, it was bound to see to it that all bridges upon public highways were kept in repair, and was liable for damages resulting from its negligent disregard of that duty. The act of 1885 is different from former acts in phraseology, but there is no material difference in substance.

That counties are liable for damages resulting from a negligent failure on their part to keep bridges on public highways in repair, without regard to the cost of such repairs, has been uniformly held by this court for many years. We cite some of the cases: *Board, etc.,* v. *Brown,* 89 Ind. 48; *Board, etc.,* v. *Bacon,* 96 Ind. 31; *Patton* v. *Board, etc.,* 96 Ind. 131; *Vaught* v. *Board, etc.,* 101 Ind. 123; *House* v. *Board, etc.,* 60 Ind. 580; *Board, etc.,* v. *Deprez,* 87 Ind. 509; *Board, etc.,* v. *Legg,* 110 Ind. 479; *Board, etc.,* v. *Emmerson,* 95 Ind. 579.

In some of those cases, especially in the case last cited, and in the cases of *Board, etc.,* v. *Bacon, supra, Vaught* v. *Board, etc., supra,* and *Patton* v. *Board, etc., supra,* the point was made, as here, that the later statutes in relation to the duties and powers of township and road officers relieved the board of commissioners of the duty of keeping bridges in repair where such repairs would cost less than the amount named in those statutes, and, consequently, relieved it of all liability in such cases.

In each case the point was ruled against the party making

it. It is not necessary to restate here the reasoning of the court in those cases.

Many of our cases rest upon section 2892, R. S. 1881, which declares, in broad and emphatic terms, that " The board of commissioners of such county shall cause all bridges therein to be kept in repair." The holdings have been, as we hold here, that the later statutes, including the act of 1885, *supra,* in relation to the duties and authority of township and road officers have not overthrown the above section 2892, nor lessened the duties of the board of commissioners in relation to bridges, as therein positively enjoined.

To accede to the contention of appellant's counsel would be to set at naught that section of the statute, and overthrow a long line of cases.

Where a bridge may be repaired for seventy-five dollars or less, a duty to make such repairs seems to be impliedly imposed upon the township officers, as such, especially if they have funds which may be so applied. The board of commissioners must, nevertheless, see to it that all the bridges in the county upon public highways are kept in repair. A neglect on the part of the township trustee will be no excuse for a neglect of duty by the board, so long as section 2892, *supra,* remains in force.

It is said in argument that if that is so, the township trustee, by a neglect of duty, may impose upon the county the cost of repairs which ought to be borne by the township. On the other hand, it may be answered that, upon the theory of appellant's counsel, the township trustee may also throw upon the county a like burden by delaying until the defects in a bridge increase and multiply, so that it will require more than seventy-five dollars to make the necessary repairs.

Whether or not there is any method of adjustment between the county and township where the township officers have neglected to make such repairs to a bridge as they might have made, and the county has been compelled to pay damages, is

a question not before us for decision, and in relation to which we express no opinion.

With the view of securing the performance of duty on the part of township officers, the Legislature enacted section 2061, R. S. 1881, which provides that if any person who has the official supervision of roads in any road district fail to keep the ways and bridges in his road district in as good repair as the available labor and other means of such district will enable him to do, he shall be fined not more than one hundred nor less than five dollars.

It is further contended in behalf of appellant, that there was no proof upon the trial that appellee had filed his claim before the county board before bringing this action in the circuit court, and that, therefore, there should have been no judgment against the county. We have read the evidence, and think that there was sufficient proof of such filing. Such proof, however, on the part of the plaintiff was not necessary. *Board, etc.*, v. *Leggett*, 115 Ind. 544 ; *Bass Foundry and Machine Works* v. *Board, etc.*, 115 Ind. 234.

To several of appellant's witnesses its counsel propounded this question :

" From your knowledge of the bridge and its construction, immediately before and after the accident to plaintiff's colt, please state to the jury whether at the time of the accident the bridge was, or was not, in your opinion, in a reasonably safe condition for travel in the ordinary way by travellers upon the public highway."

There is no available error in the sustaining of the objection by appellee to that question. And one sufficient reason why there is not, without stating others, is, that it was not stated by counsel for appellant what answers the witnesses were expected to make, nor what was expected to be proved by their answers. 1 Works Pr., section 929, p. 605, and cases there cited ; *Harter* v. *Eltzroth*, 111 Ind. 159.

The amount which appellee judiciously expended, and the

fair value of his personal services in an endeavor to cure the colt after the injury, are proper elements of damages.

As stated in the case of *Watson* v. *Proprietors of Lisbon Bridge*, 14 Maine, 201, had they proved successful, the defendant would have had the benefit, but as they turned out otherwise, it is but just that it should sustain the loss. See, also, *Gillett* v. *Western R. R. Corp., etc.*, 8 Allen, 560; *Shelbyville, etc., R. R. Co.* v. *Lewark*, 4 Ind. 471; also, *City of Terre Haute* v. *Hudnut*, 112 Ind. 542.

The last point insisted upon for a reversal is the alleged error of the court in refusing to allow the defendant's counsel to close the argument.

The record shows that in advance of the argument the court notified the counsel in the cause that it would give to the jury certain instructions prepared by the court, and also those asked by the defendant. In the opening argument counsel for the plaintiff did not read to the jury nor comment upon any of the instructions. In the argument which followed, counsel for the defendant both read to the jury and commented upon the instructions which they had prepared, and which the court had so determined to give, but did not read to the jury nor comment upon those prepared by the court.

In the closing argument counsel for the plaintiff read to the jury and commented upon those instructions. By reason of that, counsel for the defendant claimed the right to be further heard, and now insist that the court erred in not acceding to that claim.

There is no available error in the court's ruling. In reading to the jury and commenting upon a part of the instructions, counsel for the defendant were doubtless endeavoring to convince the jury that, under the law as they would receive it from the court, the verdict should be for the defendant.

In meeting that argument, counsel for the plaintiff had the right to call to their aid the instructions which the defend-

ant's counsel had not read. It can not be properly said that in doing so they entered upon a new subject and new argument, in answer to which the other side had a right to be heard.

We have followed the arguments of counsel here in detail, and have found no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Jan. 3, 1889.