Filed Dec. 18, 1889.

No. 13,955.

## HARRIS *v.* THE BOARD OF COMMISSIONERS OF VIGO COUNTY.

PLEADING.— *County.* — *Bridge.* — *Negligence.*—*Injury.* — *Proximate Cause.* — *Complaint.*— *What Must be Averred.*—Where in an action to recover damages for an injury to a horse caused by the negligence of the county in suffering a bridge to become unsafe, the complaint alleges the unsafe condition of the bridge and the injury, but fails to show any connection between the two facts, there can be no recovery.    In every such case the plaintiff must show that the unsafe condition of the bridge was the proximate cause of the injury.

From the Vigo Circuit Court.

*J. C. Chaney* and *W. S. Maple,* for appellant.

*C. F. McNutt,* for appellee.

ELLIOTT, J.—The complaint of the appellant alleges that a bridge, forming part of one of the highways, was negligently suffered to get out of repair, and become unsafe ; that the board of commissioners had notice of its condition ; that the appellant's horse, which he was riding over the bridge, was injured, without any fault on the appellant's part ; that he subsequently presented his claim to the board of commissioners, and that payment of it was refused.

That a county is responsible for an injury sustained by one in lawful use of a public bridge belonging to or in charge of the county, in a case where the county authorities negli-

gently suffer the bridge to become unsafe by the failure to exercise ordinary care in building or in repairing it, is not an open question in this jurisdiction. It is settled that in such a case the county guilty of negligence must respond in damages to one who, without fault and in lawful use of the bridge, sustains an injury by reason of the unsafe condition of the bridge. *Board, etc.,* v. *Arnett,* 116 Ind. 438, and cases cited; *Board, etc.,* v. *Leggett,* 115 Ind. 544; *Board, etc.,* v. *Legg,* 110 Ind. 479; *Vaught* v. *Board, etc.,* 101 Ind. 123; *Board, etc.,* v. *Bacon,* 96 Ind. 31; *State, ex rel.,* v. *Board, etc.,* 80 Ind. 478; *State, ex rel.,* v. *Demaree,* 80 Ind. 519; *Board, etc.,* v. *Pritchett,* 85 Ind. 68.

But it is not every injury that occurs for which the county is liable; on the contrary, it is only for such injuries as are caused by the unsafe condition of the bridge that the county is responsible. To sustain a recovery there must, in every instance, be a connection between the wrong and the injury. In other words, the plaintiff must show that the unsafe condition of the bridge was the proximate cause of the injury for which he sues. There is no such showing in this case. It does appear that the bridge was unsafe, and that the plaintiff's horse was injured; but it is not shown that there was any connection between the two facts. It may be true that the bridge was unsafe, and yet not true that its unsafe condition was the cause of the injury. It may, indeed, have resulted from an entirely different cause. There is no averment as to what caused the injury to the horse, or in what manner it occurred. A material averment is lacking, and this, as against a demurrer, the courts can not supply. Facts must be pleaded which show the connection between the negligent wrong and its consequences. Mere conclusions will not suffice.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed Dec. 14, 1889.