The Board of Commissioners of Clark County *v.* Brod.

Filed Feb. 16, 1892.

---

No. 285.

THE BOARD OF COMMISSIONERS OF CLARK COUNTY *v.* BROD.

BRIDGES.— *Over Ditch.*— *Liability for Defects.*— *Sufficiency of Complaint.*— In an action against a board of county commissioners for an injury resulting from the defective condition of a bridge, the structure concerning which complaint was made was designated as a certain culvert-bridge situated upon a public highway within the county. Its dimensions were not given, and the manner of its construction was not stated. A reference to " the timbers of the bridge " and " the planking thereof " constituted

the only description of its material. Reference was made to " the ditch over which said bridge was built." What the bridge spanned, or over what it constituted a passage way, was not shown otherwise by direct or indirect averment.

*Held*, that these allegations did not show that the structure in question was a bridge within the meaning of the statute which requires the board of county commissioners to keep bridges in repair; and that an averment that " the defendant, in its corporate capacity, had supervision over and control of" the structure did not supply the want of the pleading in this regard.

SAME.—*Contributory Negligence.—Crossing Bridge with Threshing Machine Engine.*—The general allegation that the plaintiff was without fault is not overcome by specific averments showing that the plaintiff attempted to pass over the bridge with a steam threshing machine engine. The Appellate Court will not take judicial knowledge that such use of a bridge upon a highway in the country is unusual and unsafe.

From the Floyd Circuit Court.

*M. Z. Stannard, C. L. Jewett* and *H. E. Jewett,* for appellant.
*J. H. Stotsenburg* and *E. B. Stotsenburg,* for appellee.

BLACK, J.—The appellee brought his action in the Clark Circuit Court against the appellant. In that court a demurrer to the complaint was overruled, and an answer and a reply having been filed, the venue was changed to the court below, where the cause was tried.

The complaint alleged that on or before the 4th day of August, 1887, the appellant, in its corporate capacity, had supervision over and the control of a certain culvert-bridge within its corporate limits, in Carr township, said culvert-bridge being situated upon a public highway within the defendant's corporate limits; that on the day aforesaid the timbers of said bridge were unsafe, the planking thereof being of unequal thickness, portions being but one and one-half inches in thickness, likewise cracked and rotten, although the same was, then and there, to those walking along the road, apparently safe and strong ; " that the fact that said bridge was so out of repair might have been known to the appellant if it had used reasonable diligence and made reasonable inquiry ; that the appellee, before and on the day

aforesaid, was the owner of a steam threshing machine engine, and was desirous of conveying and transporting the same along and over "said Salem road" from a point north to a point south of said bridge "upon said Salem road," and that his way led on, over and across said bridge; that when said engine so conveyed reached said bridge the weight of said engine caused said bridge to break down, throwing said engine partly into the ditch over which said bridge was built, by reason whereof the king-post and compensating gear of said engine were broken, etc., the injuries occasioned and the damages suffered being set forth at length. It was further alleged that before and at the time of said accident the appellee knew nothing of the unsafe and dangerous condition of said bridge from the appellant or from any other source; "that the said injuries to said engine were caused by reason of said defendant's negligence as aforesaid, without any fault or negligence on the part of plaintiff or his servants and employees, but, on the contrary, he used the greatest prudence and diligence;" that afterward, on the 22d day of December, 1887, he filed in the office of the Auditor of Clark county "an itemized bill of the injuries to and the broken parts of the engine as sustained in said accident, with the cost and price of the same, and likewise of the other expenses heretofore mentioned, a copy of which is filed herewith and made part hereof, marked 'Exhibit A;'" that afterward, on the 6th of March, 1888, the appellant examined said bill and refused to allow it or any part of it, and wholly rejected it, and that said bill is due and wholly unpaid. Wherefore, etc.

After the signature of the plaintiff's attorney, which is affixed to the above complaint in the record, is the following:

"Exhibit A.

"New Albany, Indiana.

"Board of Commissioners of Clark County, Indiana,

"To George Brod, Dr.

"To damage sustained to his traction engine by breaking

through a culvert under control of said board, out of repair, on the Salem road, in Carr township, in said county and State, August 4th, 1887."

Here follow the items, with the amount of each, the total being $117.23.

In discussing the question of the sufficiency of the complaint, counsel for the appellee say that it is in the nature of a claim against the appellant, consisting, first, of a statement, and, secondly, of a bill of items; and it is contended that no formal complaint was necessary, and that all that was required was a detailed statement of the items and dates of charge.

It is true that the same degree of strictness is not required in the presentation of a claim to the board of county commissioners as in a complaint in an action brought originally in a court of general superior jurisdiction.

Under statutes in force at and since the time of the presentation of the appellee's claim before the board of commissioners, every claim against a county must first be presented to the board of county commissioners before suit can be brought thereon. If the board disallow the claim, in whole or in part, except where it is for services voluntarily rendered or things voluntarily furnished, the claimant may appeal, or, at his option, may bring an action against the county.

The courts have original common law jurisdiction in respect to suits against counties, but presentation of a claim to the board of commissioners and the rejection thereof, in whole or in part, are necessary in order to render such jurisdiction of the court perfect and unavoidable. It is not necessary that the complaint in such original action in a court of general jurisdiction should show on its face the jurisdictional fact of the prior presentation of the claim to the board of commissioners. *Bass Foundry and Machine Works* v. *Board, etc.*, 115 Ind. 234; *Board, etc.*, v. *Leggett*, 115 Ind. 544; *Board, etc.*, v. *Arnett*, 116 Ind. 438.

When, upon the rejection of a claim by the board of com-

missioners, an appeal is taken, the law does not contemplate the filing of a new complaint in the court to which the appeal is taken. *Board, etc.,* v. *Wood,* 35 Ind. 70; *Board, etc.,* v. *Ritter,* 90 Ind. 362 (368); *Duncan* v. *Board, etc.,* 101 Ind. 403.

If the statement of the claim presented to the board of commissioners be defective, it may be amended in the court to which the appeal is taken. *Board, etc.,* v. *Hon,* 87 Ind. 356; *Board, etc.,* v. *State, ex rel.,* 106 Ind. 270; *Board, etc.,* v. *Jennings,* 104 Ind. 108.

Where, on appeal, a claimant has elected to file a formal complaint before the board of commissioners, and a demurrer to such complaint is filed, the question as to the sufficiency of the facts pleaded, it has been held, may be ruled upon as in other cases. *Stout* v. *Board, etc.,* 107 Ind. 343.

The authorities referred to in argument by the appellee, upholding informal statements of claims against counties, were cases in which appeals had been taken from boards of commissioners.

In the case before us for decision, there was no appeal from the board of commissioners. The circuit court had original and not appellate jurisdiction of the cause, and the question as to the sufficiency of the complaint on demurrer must be tested as in ordinary actions originating in the circuit court.

It is settled in this State that where a bridge which may properly be called a county bridge is, by the board of county commissioners, negligently suffered to be out of repair and not reasonably safe for travel, whereby a person in the ordinary use of it in the usual course of travel is injured in person or property, without his own fault, an action for such injury lies against said board. *House* v. *Board, etc.,* 60 Ind. 580; *Board, etc.,* v. *Brown,* 89 Ind. 48; *Board, etc.,* v. *Dombke,* 94 Ind. 72; *Patton* v. *Board, etc.,* 96 Ind. 131; *Board, etc.,* v. *Emmerson,* 95 Ind. 579; *Vaught* v. *Board, etc.,* 101 Ind. 123; *Board, etc.,* v. *Legg,* 110 Ind. 479; *Board, etc.,* v. *Arnett,* 116 Ind. 438; *Board, etc.,* v. *Pearson,* 120 Ind. 426; *Harris* v. *Board, etc.,* 121 Ind. 299.

But the county is not responsible for the condition of every structure to which the name of "bridge" may be applied.

In *Board, etc.,* v. *Bailey,* 122 Ind. 46, the court adverted to the distinction in this State between bridges and highways as subjects of legislation, the duty of erecting and repairing bridges over water-courses being imposed on the board of county commissioners, and the general duty of keeping highways and bridges in repair being laid upon township trustees and road supervisors.

Reviewing our statutes upon the subject of the duty of boards of county commissioners concerning bridges, the court reached the conclusion that the statutes do not impose on those officers the duty of causing all structures that might fall under the general designation of bridges to be kept in repair, but the Legislature indicated a purpose to employ the word "bridge" according to its common law acceptation, or in a technical sense, denoting a structure erected over a river, creek, pond, lake or stream of water flowing in a channel between banks more or less defined, although such channel may be occasionally dry, in order to facilitate public passage over the same; that in this State the duties of county commissioners in respect to the erection and repair of bridges relate to bridges over permanent watercourses, either natural or artificial, or over lakes, ponds or other more or less permanent and continuous bodies of water which obstruct the convenient use of a highway for public travel.

In an action against a board of county commissioners for an injury resulting from the defective condition of a bridge, the complaint, by way of indicating the duty of the defendant in the premises, should show, by the averment of facts, that the bridge in question was one which the defendant was bound to keep in repair.

In the pleading before us, the structure concerning which complaint is made is designated as a certain culvert-bridge situated upon a public highway within the county. Its di-

mensions are not given. The manner of its construction is not stated. Mention is made of " the timbers of the bridge," and " the planking thereof." Its material is not otherwise described. Reference is made to " the ditch over which said bridge was built." What the bridge spanned, or over what it constituted a passage-way, is not shown otherwise by direct or indirect averment.

These allegations do not show that the structure in question was a bridge within the meaning of the statutes upon which the responsibility of the board of commissioners depends.

The averment that " the defendant, in its corporate capacity, had supervision over and control of" the structure, does not supply the want of the pleading in this regard. Unless the board was bound to supervise and control the structure to the extent of keeping it in repair, it could not be liable. If this averment was intended as a statement that the board actually exercised supervision and control, this could not supply the lack of a statement of facts from which the court might see that the board was by law so bound, and if it was intended as an allegation that it was the duty of the board to exercise supervision and control over the structure, it was a statement of a conclusion of law, and it should be disregarded in determining the question as to the sufficiency of the pleading.

The complaint was loosely drawn, but its other faults may be amended readily.

Upon the authority of *City of Wabash* v. *Carver*, 129 Ind. 552, it must be held that the general allegation that the plaintiff was without fault is not overcome by the specific averments showing that he attempted to pass over the bridge with a steam threshing machine engine. We can not take judicial knowledge that such use of a bridge upon a highway in the country is unusual and unsafe.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the complaint.

Filed Dec. 8, 1891; petition for a rehearing overruled Feb. 6, 1892.