The Board of Commissioners of Parke County v. Sappenfield.

Filed April 27, 1893.

---

No. 849.

## THE BOARD OF COMMISSIONERS OF PARKE COUNTY v. SAPPENFIELD.

COUNTY.—*Liability for Unsafe Condition of Bridge.*—Counties must construct and maintain bridges in a reasonably safe condition, and this obligation obtains although special duties with reference to such bridges have been imposed upon other officers than the board of county commissioners.

BRIDGES.—*Approaches a Part of.*—*Duty to Maintain in Safe Condition.*—*Railings.*—The approaches to a bridge are a part of it, and the county is in duty bound to construct and maintain them in a reasonably safe condition; and where horses become frightened while on an approach, and back a vehicle off the side of the approach, causing injury, the mere absence of railings and the negligence of the county to maintain them, would not make the county liable, unless the presence of suitable railings would have prevented the accident.

SAME.—*Approaches.*—*Railings.*—*Known Danger.*—*Degree of Care.*—If a traveler knows that the approaches to a bridge are not provided with railings, and consequently unsafe, he is not required to forego the use of the bridge, but he must use care commensurate with the known danger.

NEGLIGENCE.—*When a Question of Law.*—Negligence may become a question of law where the fact or facts recited lead inevitably to but one conclusion, and that of negligence.

SAME.—*Two Proximate Causes, One Innocent, the Other Negligent.*—*Liability.*—Where there are two proximate causes of an injury, one innocent and the

The Board of Commissioners of Parke County v. Sappenfield.

other the result of negligence, the person from whom the negligent act arises will be responsible in damages to the person injured, who is himself without fault.

CONTRIBUTORY NEGLIGENCE.— *When a Question of Law.—Bridges.*—Where a person knowingly enters upon a bridge which is so dangerous that to enter thereon would amount. to contributory negligence, regardless of the degree of care used, such negligence becomes a question of law.

EVIDENCE.—*Negligence.—Known Danger.—Degree of Care.—Conversation.*— In an action for injuries sustained because of a defective bridge, and where the plaintiff had testified that his horses, which had become frightened and backed off the bridge, were gentle, it was error not to permit the defendant to prove a conversation between the plaintiff and his wife, with reference to the team, in which she said, in substance, that she did not want to go home that night because the team had acted badly on their way over, and that she thought it dangerous to go under the circumstances. This evidence was admissible to determine whether or not plaintiff had used care commensurate with the known danger.

PARTIES.—*Defective Bridge.—Damages.—Board of Turnpike Directors.—Not a Corporate Body.*—In an action for injuries received by reason of a defective bridge which was constructed as a part of a free gravel road, the board of turnpike directors can not be made a party defendant, as such board does not exist as a separate corporation which can be brought into court.

From the Vigo Superior Court.

*H. Maxwell, D. H. Maxwell, J. Jump, J. E. Lamb* and *T. H. Davis*, for appellant.

*T. N. Rice* and *J. T. Johnston*, for appellee.

GAVIN, •J.—It appears from appellee's complaint that several years prior to the happening of the injuries therein alleged, the appellant had constructed, at the foot of a steep hill, across a stream, in Parke county, and as a part of a free gravel road, a certain bridge and the necessary approaches thereto. The bridge was carelessly and negligently constructed, in that no barriers or railings were provided, they being necessary to make the bridge reasonably safe. In April, 1889, while the bridge was in this unsafe condition, appellee drove across the same with his horses and buggy, and while upon the approach his horses became frightened and backed toward and upon the bridge, and thence, by

reason of the lack of suitable railings, off the side of the bridge, carrying appellee down with them. His wife jumped out to escape going off the bridge. All is alleged to have occurred without the fault or negligence of the appellee or his wife, and that damages in the sum of $2,000 were suffered by appellee.

The law is well established in Indiana that counties are liable for negligence in failing to construct and maintain a county bridge in a reasonably safe condition for travel. *Harris* v. *Board, etc.*, 121 Ind. 299; *Board, etc.*, v. *Arnett*, 116 Ind. 438; *Board, etc.*, v. *Rickel*, 106 Ind. 501; *Patton* v. *Board, etc.*, 96 Ind. 131; *House* v. *Board, etc.*, 60 Ind. 580; *Board, etc.*, v. *Castetter* (Ind. App.), 33 N. E. Rep. 986; *Board, etc.*, v. *Chipps, Admr.*, 131 Ind. 56.

It is also the law that the necessary approaches to a bridge are to be considered as a part of the structure, and the county is under the same obligation to use diligence in constructing and maintaining them in a reasonably safe condition. This duty also extends to providing suitable railings when required to make the bridge or approaches reasonably safe. *Board, etc.*, v. *Sisson*, 2 Ind. App. 311; *Board, etc.*, v. *Deprez, Admr.*, 87 Ind. 509; *State, ex rel.*, v. *Demaree*, 80 Ind. 519; *Driftwood, etc., Co.* v. *Board, etc.*, 72 Ind. 226; *Elliott on Roads and Streets*, pp. 24 and 453; *Tinkham* v. *Town of Stockbridge* (Vt.), 24 Atl. Rep. 761.

Appellant's first objection to this complaint is that there can be no liability upon the county because appellee had safely crossed the bridge and his horses then backed upon and off the bridge. It is urged that this was not a legitimate or natural use of the bridge, nor a use by appellee as a traveler.

This position does not appear to us to be tenable. Both the bridge proper and the approach are constructed by the county as a part of one structure, necessarily to be used together. That horses should frighten and back is not an unusual or an unnatural occurrence, but one that it is to be

reasonably anticipated may sometimes happen.  *Board, etc.,* v. *Sisson, supra.*

Appellee being rightfully upon the approach as a traveler, his use of the bridge, caused by the backing of his horses, without his fault or negligence, was legitimate and proper.  The backing commenced and ended on the structure erected by the county for bridge purposes.

In *Harris* v. *Board, etc.,* 121 Ind. 299, the rule is thus laid down:  " The county guilty of negligence must respond in damages to one who, without fault and in lawful use of the bridge, sustains an injury by reason of the unsafe condition of the bridge."

Appellee's use of the bridge was both without fault and lawful.

The principles governing *Board, etc.,* v. *Rickel, supra,* do not lend support to appellant's position.

Although the bridge was constructed as a part of the free gravel road system, the board of turnpike directors was not a necessary party defendant, nor was the county freed from liability by reason of the powers and duties vested in such board.

Section 5104, R. S. 1881, provides that, " By virtue of their office, commissioners of any county are hereby constituted a board of turnpike directors, under whose management and control all the free turnpikes in such county shall be exclusively vested," and specific directions are given as to the conduct and duties of such directors.

The board of turnpike directors is not made a separate corporation which can be brought into court as an individual.  What is to be done by them is simply an additional duty imposed upon the commissioners of the county by virtue of their office as commissioners.  They are, so far as bridges are concerned, simply instrumentalities for carrying out and performing, in a particular manner, the general duty imposed upon the county, that it shall main-

tain and keep in repair all county bridges, as provided in section 2892, R. S. 1881.

It has been continuously held, by our Supreme Court, that counties must be held liable for the nonperformance of this obligation, notwithstanding the fact that special duties with reference to such bridges have been from time to time imposed on other officers than the commissioners. *Board, etc.*, v. *Bacon*, 96 Ind. 31; *Patton* v. *Board, etc.*, 96 Ind. 131; *Board, etc.*, v. *Arnett, supra; Board, etc.*, v. *Sisson, supra; Board, etc.*, v. *Washington Tp.*, 121 Ind. 379.

In the case last cited the responsibility of a county for a free gravel road bridge is impliedly recognized.

Upon the motion for a new trial, various questions are presented.

No injury could have resulted to appellant from the admission of proof that appellee's wife was sick after the accident. The effect of the evidence was, by the instruction of the court to the jury, expressly limited to showing loss of service to appellee.

Whether or not the sickness was caused by the accident, was for the jury to determine under the facts proved.

The fourth and fifth instructions given are subject to criticism in failing to require, with sufficient distinctness, that the injury should be shown to have been the result of the county's negligence in failing to provide suitable barriers or railings. *Harris* v. *Board, etc.*, 121 Ind. 299.

The mere backing off of the buggy without fault of appellee, and the negligence of appellant in failing to erect railings, would not impose a liability on the county, unless the presence of suitable railings would have prevented the accident.

It might be that the accident would not have been prevented by any ordinary railings, such as the county would have been required, in the exercise of due diligence, to erect.

There appears, also, some confusion in the verbiage of

the fourth instruction given, caused probably by inaccurate copying.

The fifth instruction asked ignores the principle of law that where two proximate causes produce an injury, the one cause being purely accidental, and arising without the fault of anyone, while the other cause is the result of the negligence of the one party, he who is thus negligent, must respond in damages to one himself without fault. *Louisville, etc., R. R. Co.* v. *Davis* (Ind. App.), 33 N. E. Rep. 451; *Board, etc.,* v. *Sisson, supra*; Shearman and Redfield on Neg., sections 10, 46; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476.

Instructions six, seven, eight, and nine, asked by appellant, instruct the jury that, under the various given state of facts, appellee must be held guilty of contributory negligence.

The question of contributory negligence is ordinarily a question of fact for the jury to determine.

It is only when the fact or facts recited lead inevitably to but one conclusion, and that the conclusion of negligence, that the court can be called upon to say, in an instruction, that certain facts constitute negligence. *Rogers* v. *Leyden*, 127 Ind. 50; *Citizens' Street R. W. Co.* v. *Spahr*, (Ind. App.), 33 N. E. Rep. 446.

One who knows that a bridge is unprovided with railings, and is, therefore, to some extent unsafe and dangerous, is not thereby required to forego use of the bridge. He is, however, required to use care commensurate to the known danger, and the danger might be so plain and palpable and so great as to justify a jury in finding him guilty of contributory negligence in voluntarily encountering it, without regard to the degree of care exercised by him; and the court might, in some cases, be required to so hold as a matter of law. Under the circumstances of this case, this was a matter for the jury to determine, taking into consideration his knowledge of the habits of the team, his

stopping on the approach, and all the other facts proved in the case. *Vance* v. *City of Franklin*, 4 Ind. App. 515, 30 N. E. Rep. 149; *Ohio, etc., R. W. Co.* v. *Trowbridge*, 126 Ind. 391; *City of Richmond* v. *Mullholland*, 116 Ind. 173; *Town of Poseyville* v. *Lewis*, 126 Ind. 81; *Nave* v. *Flack*, 90 Ind. 205.

The eleventh instruction asked was defective in not requiring the railings mentioned to have been suitable and proper for the place. The duty of the county is not performed by simply erecting railings. These might be of such flimsy character as to afford practically no protection. On the other hand, if the county does erect suitable and proper railings, so as to make the bridge reasonably safe, its duty in this respect has been performed, and if the injury would have occurred, notwithstanding the presence of such protection, the county would not be liable, even though it were absent.

Complaint is also made of the ruling of the court in refusing to permit appellant to prove that in a conversation between appellee and his wife, on the evening of the accident, and before they left Dr. Norman's, in returning from whose house the accident occurred, the appellee's wife said to him "that she did not want to go home that night for the reason that the team had acted badly on their way over from their house to Dr. Norman's, on that evening, and, because of the bad conduct of the team, she thought it dangerous for them to go home, and objected to their going home that night."

The appellee had testified that the team was gentle and quiet, and safe as any team.

He had also testified that the reason his wife got out of the buggy at the top of the hill, was that she was afraid to ride down the hill because it was steep and bad. The bridge was at the foot of the hill. The crossing was in the night time.

In order to aid the jury in determining whether or not the appellee had exercised that care and caution which was commensurate with the known danger, the warning thus given him by his wife, was proper for their consideration. With his attention thus called to an element of the very danger which afterward overtook him, that is the liability of his team to misbehave, as evidenced by their bad conduct that same day, the jury might well deem necessary a greater degree of caution than they would otherwise require of him.

The judgment is reversed, with instruction to sustain the motion for a new trial.

