Filed April 25 1894.

———————◆———————

No. 1,223.

## Board of Commissioners of La Porte County *v.* Ellsworth, Administrator.

Notice.—*Defective Bridge.—Variance between Complaint and Proof.*— In an action against a county for damages resulting from a defective bridge, the averment of knowledge or notice of such defects is sufficiently supported by proof, where such facts are proved as the party alleged to have such knowledge or notice is fairly chargeable with.

Bridge.—*Defective.—Contributory Negligence.—Personal Injury.*—The fact that a county is chargeable with knowledge of the condition of a defective bridge by reason of the long continuation of such condition, does not fasten contributory negligence upon one who, having acquaintance with the same, attempts to cross it and is injured; nor was it negligence in such person to attempt to cross the bridge when he might have crossed the stream which it spanned, at some other point.

Same.—*Unsafe.—Contributory Negligence.—Special Verdict.*—Where the facts found in an action for damages resulting from a defective bridge, were that the deceased was crossing in the night time; that as he approached the bridge he checked the speed of the engine;

that he went in the center of the bridge; that there was nothing in the appearance of the bridge to indicate danger to an ordinarily careful person; that he did not know the bridge was unsafe or dangerous; that he lived four miles from said bridge, and had crossed it safely two days before,—such facts sufficiently show the decedent's freedom from contributory negligence.

SAME.—*When Sufficiently Shown to be One which the County is Bound to Maintain.*—Where the evidence shows that the structure in question was a bridge; that it was on a public highway, and that it spanned a watercourse, it is sufficiently shown that the bridge was one which the county was bound to maintain.

SAME.—*Instruction to Jury.*—*Assumption of Fact.*—In an instruction which does not deal with the subject of what is necessary to constitute a bridge, the mere fact that the court uses the word bridge in charging the jury as to what would be sufficient notice to the county of its defective condition, will not vitiate it on the ground of assuming a fact in issue.

From the Porter Circuit Court.

*W. C. Ransburg, N. L. Agnew* and *D. E. Kelly,* for appellant.

*J. E. Cass, M. H. Weir, E. E. Weir, W. E. Higgins, J. M. Spangler* and *W. Spangler,* for appellee.

REINHARD, J.—The appellee filed a claim for $10,000, with the board of commissioners of the county of La Porte, for damages in causing the death of his decedent by their negligence in failing to repair and keep in proper order a defective bridge, which broke and killed said decedent while attempting to cross over it with a traction engine. The board disallowed the claim and the appellee appealed to the La Porte Circuit Court, from which the venue was changed to the court below.

Upon issues joined, the cause was tried by a jury, who returned a special verdict, and in it assessed the appellee's damages at $3,000.

Over the appellant's motions for judgment on the special verdict and for a new trial, the court rendered judgment in favor of the appellee. The cause was ap-

pealed to the Supreme Court, and, by its order, transferred to this court.

The overruling of the appellant's motion for judgment in its favor on the special verdict, and the overruling of the appellant's motion for a new trial are the only errors assigned.

Under the first assignment it is insisted that the special verdict fails to support the material averments of the complaint as to notice to, or knowledge by, the county of the defective condition of the bridge.

The appellant's contention is that there is a fatal variance between the averments of the complaint and the case made by the special verdict upon the subject mentioned. The allegation of the complaint as to notice or knowledge on the part of appellant is, that by reason of its weakness and the decayed condition of the timber the bridge was dangerous for teams and persons to pass over the same, "all of which was known to said county."

The finding of the special verdict is, that while the bridge was sound and safe when constructed in 1875 and capable of supporting a weight of 11,000 pounds and more, and while traction engines passed over it in safety after they came in vogue fully eight years before the death of appellee's decedent, yet that, in the year 1885, the stringers became unsafe from rot and decay, and though some of them were removed and replaced by new ones, no other necessary repairs were made upon the bridge, with the exception that in 1888 a few new planks were placed upon the bridge, although at that time the stringers had become so rotten that they would not hold the spikes driven, through the planks to fasten them. The verdict then sets forth such facts as showed that if the board had exercised proper diligence the unsafe condition of the bridge must have been discovered. There is no express finding that the board had notice or knowl-

edge of such defects, but it does appear clearly that the defects existed for two years before the accident, and were such that the county must have taken notice of them. *Board, etc.*, v. *Brown*, 89 Ind. 48; *Board, etc.*, v. *Creviston, Admr.*, 133 Ind. 39.

It is, doubtless, the rule that in every case the plaintiff must recover, if at all, according to the averments of his complaint, and that neither the court nor the jury trying the case can, by a special finding or verdict, make a case which is different in its general scope and meaning from that made by the pleadings. *Boardman* v. *Griffin*, 52 Ind. 101; *Puterbaugh* v. *Puterbaugh*, 131 Ind. 288.

If, therefore, the special verdict is clearly beyond the scope of the issues, the appellant's motion for judgment in its favor should have been sustained.

We do not think, however, that the verdict is outside of the issues in this regard. We are of opinion that an averment of notice or knowledge is fully supported by proof of facts, from which the party alleged to have such notice or knowledge is fairly chargeable with the same.

It was not necessary that the issues should have been proved in precisely the same manner as they were pleaded. It was sufficient that such facts were found as will sustain the substance of the issues. *Puterbaugh* v. *Puterbaugh, supra.*

Even if it were true that the averment of actual knowledge on the part of the county was not sustained by the finding, which shows constructive notice only, yet such a variance is at most one that does not go to the substance, but rather to the form, and is not fatal, unless the objection be taken at the trial. *Graves* v. *State*, 121 Ind. 357; *Taylor* v. *State*, 130 Ind. 66; *Louisville, etc., R. R. Co.* v. *Hollerbach*, 105 Ind. 137.

There was no error in overruling appellant's motion for judgment on the special verdict.

The insufficiency of the evidence was assigned as a cause for a new trial. The question of variance or failure of any proof of notice of the defective condition of the bridge is again presented under this head. For the reasons already stated, we think there was no available error in overruling the motion for a new trial upon this ground.

It is also insisted by appellant's counsel, that the evidence shows that the deceased was guilty of contributory negligence. The facts that he had threshed in that neighborhood for three years, during which time he was using a traction engine; that he was well acquainted with the road on which the bridge was located, and that the engine weighed over 11,000 pounds, in addition to the separator and water tank, and that he had known this bridge for fifteen years before the accident, do not prove conclusively that the decedent was at fault when he passed over it.

It is a fallacy to argue that if the county was bound to know the defective condition of the bridge by reason of the long continuation of such condition, the deceased was also chargeable with such knowledge.

There is a wide difference between the duty of the county board in this behalf, and that of the deceased. The former were required to exercise diligence to ascertain and remedy the defects, while the latter had a right to assume that the bridge had been kept in proper repair, and that it was reasonably safe and sufficiently strong to support the weight of such engines as were then, and had been for some years, in common use in that portion of the State in which the accident occurred. Nor was it contributory negligence for the decedent to

attempt to cross the bridge when he might have crossed the stream which it spanned, at some other point.

The jury found that deceased crossed in the night time; that, as he approached the bridge, he checked the speed of the engine, having a lighted lantern at the head, by which he could see for some distance in front of him; that he went in the center of the bridge; that there was nothing in the appearance of the bridge to indicate danger to an ordinarily careful person; that he did not know the bridge was unsafe or dangerous; that he lived four miles from said bridge, and had crossed it safely two days before. The jury also found that appellee's decedent was exercising due care in crossing the bridge.

While the latter finding may have been a mere legal conclusion and not within the province of the jury's finding, our opinion is that the ultimate facts found sufficiently show the decedent's freedom from contributory fault, and the evidence abundantly sustains the verdict upon this point.

It is further contended that the evidence fails to show that the bridge was one which the county was bound to maintain. While the evidence was not as clear as might have been desired upon this subject, we think it tends to show that the structure in question was a bridge; that it was on a public highway; and that it spanned a watercourse. This was sufficient. *Board, etc.*, v. *Bailey*, 122 Ind. 46; *Board, etc.*, v. *Legg, Admr.*, 110 Ind. 479; *Board, etc.*, v. *Sisson*, 2 Ind. App. 311; *Board, etc.*, v. *Brod*, 3 Ind. App. 585.

The instruction complained of was a correct statement of the law. It is not open to the objection that it assumes the evidence to establish the fact that the structure in question was a bridge. The instruction does not deal with the subject of what is necessary to constitute a bridge, and the mere fact that the court uses the word

bridge in charging the jury as to what would be sufficient notice to the appellant will not vitiate it. The court correctly charged the jury that if the defects in the bridge had existed for such a length of time that the appellant, by the exercise of reasonable diligence, could have known of its defective condition, they would be justified in finding that the appellant had notice. An averment of knowledge or notice is fully supported by proof that appellant, under the circumstances, was chargeable with knowledge or notice.

There is no error.

Judgment affirmed.

Filed April 3, 1894.