Filed April 3, 1894.

---

No. 1,104.

## Reinhart *v.* The Board of Commissioners of Martin County.

Bridge.—*Defective.*—*Action for Damages.*—*County Bridge.*—*Necessary Allegations.*—A complaint in an action for damages resulting from a defective bridge described the bridge as one spanning a ditch which made a deep break in the highway, and which was a natural outlet for surface water from adjoining lands, and for water that flowed from under a railroad near by, being dry portions of the year only.

*Held*, that such allegations are not sufficient to establish a county bridge.

From the Martin Circuit Court.

*H. McCormick, E. Inman* and *J. T. Rogers*, for appellant.

*H. Q. Houghton* and *J. B. Marshall*, for appellee.

Gavin, J.—Appellant sought to recover damages on account of loss incurred by reason of a bridge over a

ditch across a public highway giving way under a portable engine while passing over it.

The court below sustained a demurrer to his complaint.

The general allegation that appellant was free from fault, was not overthrown by the fact that he was crossing the bridge with a traction engine. *Board, etc.,* v. *Creviston, Admr.,* 133 Ind. 39; *City of Wabash* v. *Carver,* 129 Ind. 552; *Board, etc.,* v. *Brod,* 3 Ind. App. 585.

When contributory negligence is negatived in general terms, this is sufficient, unless it clearly appears, from the facts stated, that the plaintiff was guilty of negligence proximately contributing to the injury. *Board, etc.,* v. *Legg, Admr.,* 93 Ind. 523.

The law is well established in Indiana, that counties are liable for negligence in failing to construct and maintain a county bridge in a reasonably safe condition for travel. *Board, etc.,* v. *Creviston, Admr., supra; Board, etc.,* v. *Chipps, Admr.,* 131 Ind. 56; *Board, etc.,* v. *Castetter,* 7 Ind. App. 309; *Board, etc.,* v. *Sappenfield,* 6 Ind. App. 577.

The county is not required, however, to maintain every structure which may be denominated a bridge. On the contrary, the bridge must be one erected as a part of a public highway, over a river, creek, pond, lake or stream of water, natural or artificial, flowing in a channel, between banks more or less defined, although such channel may be occasionally dry. Such is the law as declared by our Supreme Court in *Board, etc.,* v. *Bailey,* 122 Ind. 46, restricting to a considerable extent the liability of counties as declared in previous cases.

This case has been followed by this court in *Board, etc.,* v. *Brod, supra; Board, etc.,* v. *Castetter, supra,* wherein the authorities have been carefully collated.

Within the rules of law thus established, the bridge

described in appellant's complaint can not be deemed a county bridge. The ditch over which it was erected is not described as a public ditch, but, on the contrary, the structure is said to be a "bridge spanning a ditch which made a deep break in said highway," and "which was a natural outlet for surface water from adjoining lands, and for waters that flowed from under a railroad near by, being dry portions of the year only."

So far as is shown by the complaint, it was simply a ditch for the drainage of surface water, in which water sometimes flowed, but how frequently, or to what extent, does not appear. These allegations are not sufficient, under the authorities, to establish a county bridge. The cases which we have cited must be regarded as conclusive against appellant's views.

The recent case of *Board, etc.,* v. *Mutchler,* 36 N. E. Rep. 534, does not purport to modify the rule as laid down in *Board, etc.,* v. *Bailey,* *supra,* and is plainly distinguishable from the case in hand, by reason of the ditch having apparently been regarded, in that case, as a public ditch, and by the additional, very material feature that it was constructed by the board of commissioners as a part of a free gravel road.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed April 3, 1894.