Filed January 22, 1896.

No. 1,749.

## Board of Commissioners of Johnson County *v.* Hemphill.

County.—*Defective Approach to Bridge.—Personal Injury.—Lia-
bility.*—A county is not liable for personal injuries occasioned by
the defective condition of the approach to a bridge, under the stat-
ute imposing upon the county commissioners the duty of keeping
in repair all bridges, unless expressly made so by statute.

From the Bartholomew Circuit Court.

*T. W. Woollen,* for appellant.

*M. L. Herbert,* for appellee.

Ross, J.—The appellee sued and recovered judgment
against the appellant for personal injuries received on
account of the defective and unsafe condition of the
approach to a bridge which spanned a creek or stream.

It has been held in this State that the approaches to
a bridge are a part of the bridge itself. *Board, etc.,*
v. *Sisson,* 2 Ind. App. 311; *Board, etc.,* v. *Deprez,
Admr.,* 87 Ind. 509.

And for many years the law has been settled in this
State that the statute imposing upon the board of

county commissioners the duty of keeping in repair all bridges over watercourses, made the county liable for any neglect of that duty resulting in injury to a traveler while crossing such bridge.    *House* v. *Board, etc.,* 60 Ind. 580; *Pritchett* v. *Board, etc.,* 62 Ind. 210; *Patton* v. *Board, etc.,* 96 Ind. 131; *Board, etc.,* v. *Mutchler,* 137 Ind. 140; *Cones* v. *Board, etc.,* 137 Ind. 404; *Board, etc.,* v. *Wagner, Admr.,* 138 Ind. 609; *Board, etc.,* v. *Nichols,* 139 Ind. 611.    And this court has adhered to the rule.    See *Board, etc.,* v. *Brod,* 3 Ind. App. 585; *Park* v. *Board, etc.,* 3 Ind. App. 536; *Board, etc.,* v. *Sappenfield,* 6 Ind. App. 577; *Board, etc.,* v. *Castetter,* 7 Ind. App. 309; *Board, etc.,* v. *Blair, Admr.,* 8 Ind. App. 574; *Board, etc.,* v. *Ellsworth, Admr.,* 9 Ind. App. 566; *Reinhart* v. *Board, etc.,* 9 Ind. App. 572.

In the case of *Board, etc.,* v. *Allman,* 142 Ind. 573, the supreme court overruled its former holdings saying that counties, "being subdivisions of the State, are instrumentalities of government, and exercise authority given by the State, and are no more liable for the acts or omissions of their officers than the State."

Following the case last cited, this court has announced the same rule.    *Board, etc.,* v. *Coffenberry,* 14 Ind. App. — 42    N. E. Rep. 491.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Filed January 22, 1896.