By the Court—Moncrief, J.
The Jury was instructed in substance, that when an engine or hose company make use of a railroad track by laying the hose upon it, to effect the extinguishment of a fire, they are bound to take all reasonable measures and precautions to apprise conductors, engineers or other persons in charge of trains, which may, in regular course of running, be upon.the road about the time, of the use and occupation of the road.
That the plaintiff “ cannot recover, if the firemeh’s negligence contributed to the accident, and damage,” unless “the defendants’ agents in charge of the train were willfully and grossly negligent after they were apprised of the hose being upon the track,” in which case “the plaintiff may recover.” That “for the purposes of this action, any negligence of the fire companies is to be treated as” the plaintiffs’ “negligence,” and that he cannot recover if their negligence contributed to the accident and damage.
The plaintiff excepted to each of these instructions.
It is difficult to conceive of any principle on which the defendants should be held responsible to the plaintiff for loss or damage caused to his property, by the spreading of a fire occasioned by the cutting of the hose in use by *353 the firemen engaged in extinguishing the fire, where such cutting was caused by the defendants’ servants negligently running an engine or train of cars over it, and on which the firemen should not be held liable if it was through their negligence alone that the hose was cut.
The firemen are incorporated and are charged with the duty and furnished with the necessary means, (and with the control of such means,) to extinguish fires. (Davies’ Laws, pp. 392, 394, sec. VII, 485, § 74, 722 ; Corporation Ordinances, (Revision of 1859,) pp. 207, 210, 213, § 31, p. 219, § 51, p. 224, § 71 ; sub. 2, 226, § 73 ; (Laws of 1860, p. 444, § 29.)
Any person or officer, charged by law with the performance of a plain and absolute duty, is liable to a person injured by his negligence in not performing it, or by negligence in the manner of performing it. The cases of Adsit and others v. Brady, (4 Hill, 630,) Hutson and wife v. The Mayor, &c., of New York, (5 Sand. S. C. R., 289, and 5 Seld., 163,) The Mayor, &c., of New York, v. Bailey, (2 Denio, 433,) illustrate the general rule. Unless there be some statute or consideration of public policy, exempting the firemen from liability for injuries caused by their negligence in not performing duties imposed upon them by law, they are equally liable as commissioners of highways for not performing a positive duty, when the means at their command are sufficient for the prupose. No such statute has been called to our attention; nor has any principle of public policy been stated in support of such an exemption.
The duty which the defendants have violated, in the present case, if any, is not one owing to any person being or then having property on the train of cars in question. If they have violated any duty, it is a duty they owe to the community generally, and to the plaintiff as one of its members, to use such care and diligence in operating their road, as not to injure any person or property that may rightfully, at any time, be on the track of their road.
*354 It is quite clear that the defendants cannot be made to pay any damage which the plaintiff may have sustained by reason of the negligence of the firemen.
.. But it does not follow that if the plaintiff’s property was burned in consequence of the negligent severing of the hose carrying water to his buildings at the time on fire, he cannot recover of the defendants, if the severing of the hose was the result of the concurring negligence of the defendants’ servants and the firemen. If this act was done by the concurring negligence of the two, in such sense that the hose would not have been cut if either had been free from negligence, then the plaintiff is entitled to recover, unless it be a sound proposition that the damages are too remote to present a case of liability. '
•In the case supposed, the firemen and the defendants were joint actors in the wrong doing in such sense, that by the concurrence of the default of each the injury was produced.
Such a case is, in principle, like Colegrove v. The Harlem Railroad Company, and The New York and New Haven Railroad Company, (6 Duer, 382 ; 20 N. Y. R., 492.)
In that case, the Harlem Railroad Company owed, at the time of the injury, a special duty to the plaintiff. So, in the present case, the firemen, at the time of the casualty complained of, owed a special duty to the plaintiff in this action, and were eng’aged in performing it.
In the case cited, the Hew Haven Railroad Company owed no other duty to Colegrove than they owed to all persons who might be passengers in any train of the Harlem Company, and that duty was less extensive and entirely different from the duty it owed to its own passengers. In the case before us, the defendants owed no other duty to the present plaintiff than it owed to every person owning property in the City of Hew York; to use reasonable care and diligence not to frustrate or render ineffectual means in use to extinguish an existing fire, when such means consisted in part of hose rightly laid across or stretched along the track of its road.
*355 The ground on which the defendants are charged in such a case is, that the wrong was done by an act, in the doing of which it was an actor. The fact that others cooperated or concurred with it in effecting the wrong, does not affect the question or measure of its liability.
If negligence, in such a case, can be imputed to the firemen then present, or to any or either of them and to only a part of them, the result is the same,
Whoever was' guilty of and responsible for the concurring negligence, they and the defendants are the parties ■ in fault; and it is by their and the defendants’ concurring negligence that the loss and damage were caused. The defendants’ liability is not affected by the consideration, whether only one or several of the firemen are in law to be deemed guilty of the negligence, in not taking proper and timely precautions to inform the defendants’ servants of the existence and locality of the fire, and that hose was then lying on the track to obtain the Supply of water ®f§quisite to extinguish it.
The difficulty in the case opcasioned by the charge is, ■ that the Jury may have found the defendants guilty of negligence, and yet have rendered a verdict against the plaintiff, because they foúnd the firemen also guilty of negligence, and that the injury was caused by the concurring negligence of the firemen and of the defendants’ servants.
An instruction to render a verdict for the defendants, on finding such to be the facts, is erroneous. If there had been no other evidence in respect to the question of the defendants’ negligence than that given on the part of the plaintiff, we cannot say that a verdict finding negligence would be contrary to evidence.
At the same time, if the cause had been submitted under an instruction that if the Jury, upon the whole evidence, believed the defendants’ servants were not guilty of negligencein not sooner discovering that hose was on the track, nor in the use of the means at their command to stop the train after discovering that fact or having grounds to *356 believe it existed, then they should find for the defendants, we should not interfere with the verdict on the ground that it was contrary to evidence.
On the grounds stated, there must be a new trial. The exceptions to the rulings upon the questions put to S. B. Bowles, in connection with the charge as to there being no evidence that the engineer had sufficient means in his power to arrest the engine without running over the hose after discovering it, and that if he used all the means' in his power, the Company was not liable, are not free from difficulty.
The plaintiff was certainly bound to show the defendants negligent. Assuming the firemen to have not been guilty of negligence, the charge is broad enough to exonerate the defendant, if it had appeared that the defendant’s train had no brakes, and that was the whole cause of the injury, provided the defendants^ engineer did all he could wjtlithe means aUhis^ commai^d to arrest the progress of the train, _ We are not prepared to holcUw^^uFfurther consideration, that the defendant can be charged, merely because with the very best brakes in use, the train might have been ' stopped without injuring the hose, if in fact the train had approved brakes, which had been found sufficient to arrest the progress of the train and avoid injuries to occur, if at all, from want of adequate power to stop a train sufficiently quick to avoid such casualties as experience had shown might be anticipated and were to be guarded against.
We think the last question put to Mr. Bowles was relevant, and that enough was shown to make him a competent witness in respect to the matter inquired about.
He said he was somewhat familiar with railroad brakes, and with the operation of them, and has used them on a railroad and knows which are the best brakes. We see nothing in the evidence, or in reason, favoring the idea, that a person of experience cannot state with great accuracy, the distance within which any given train can be stopped with a designated class of brakes and a given number of brakemen.
*357 As a new trial must be directed, we have not deemed it material to discuss or pass upon any other exception or point in the case.
The judgment is reversed and a new trial ordered, with costs to abide the event.
Ordered accordingly.