# Southern Railway Company *v.* Roe-buck.

*Action against Common Carrier for Injuries to Passen-ger.*

[Decided February 13, 1902.]

1. *Action by passenger against railroad company; charge as to de-
   gree of care necessary, and cause of injuries.*—In an action
   by a passenger against a common carrier for personal
   injuries alleged to be due to defendant's negligence, a charge
   is abstractly sound, and not objectionable as ignoring the is-
   sue of contributory negligence, which instructs the jury "that
   it was the duty of the defendant carrier to use the highest
   degree of care, diligence and skill, known to careful, diligent
   and skillful persons engaged in such business; and if you find
   that it did not use such care, diligence and skill, and that as
   a result of such failure to use such care, diligence and skill,
   plaintiff received the injuries complained of in this suit, then
   you must find for the plaintiff."

2. *Contributory negligence; leaving car while in motion.*—The leav-
   ing a car while in motion is not necessarily and as matter

of law negligence on the part of a passenger.

3. *Same; taking position on steps preparatory to leaving car.*—It is not negligence *per se* for a passenger, when he is informed by the carrier that the train is about to stop at his destination, and especially when he has been directed or invited by the carrier to leave the car, to take a position on the platform or steps of the car preparatory to alighting.

4. *Contributory negligence of passenger; when question for jury.* Where plaintiff's evidence showed that he was not familiar with the surroundings at H., his point of destination; that when the train, on which he was a passenger, got to a crossing about a quarter of a mile from the depot, where it was dark, with no indications of a depot, the porter of the train called out "All out for H;" that plaintiff went out on the carstep then, and remained there until the engineer put on the air brake to stop at the depot, when he was thrown off by the jar. *Held*: That the question of plaintiff's contributory negligence was for the jury.

5. *Negligence of carrier in causing passenger to alight in place of danger; pleading and proof; cause of injury.*—Under a count in a complaint by a passenger against a railroad company, which charges negligence of defendant's servants "in causing plaintiff to be engaged in or about alighting from said train at a place and under circumstances when and where it was unsafe for plaintiff to be so engaged in or about alighting," where there was evidence tending to show that defendants employe, when plaintiff's train was a quarter of a mile from the depot at his destination, in the night time, called out "All out for H." and that thereupon plaintiff went upon the car steps, from which he was thrown by the jar when brakes were applied to stop at the depot, the fact that the application of the brakes was in the usual manner and not negligent and caused plaintiff to fall, would not authorize a verdict for defendant, as it was open to the jury to find for plaintiff on account of defendant's negligence in causing him to be in a position where the checking of the train in the usual manner would cause him to fall off.

APPEAL from Birmingham City Court.

Tried before Hon. CHAS. A. SENN.

This action was brought by David Roebuck against the Southern Railway Company. The complaint contained three counts, as amended, and upon which the trial was had.. The first and second counts were as follows: "First count. Plaintiff claims of defendant the sum

of ten thousand dollars damages, for that heretofore, to-wit, on the fourth day of December, 1899, defendant was operating a line of railroad from Decatur, Alabama, to Huntsville, Alabama, and was engaged in the business of a common carrier of passengers for hire along its said line by means of a certain train propelled by a steam locomotive engine; that on said date plaintiff was being carried by defendant as its passenger on said train, his destination being said Huntsville; that while plaintiff was being carried as aforesaid, and when said train was at or near said Huntsville, defendant through its servants or agents on said train negligently caused plaintiff to be engaged in or about alighting from said train at a place and under circumstances when and where it was unsafe for plaintiff to be so engaged in or about alighting, and as a proximate consequence thereof plaintiff fell or was thrown to the ground, and his shoulder was dislocated, bruised, lacerated and torn, his collar bone fractured, he was seriously injured internally, and received other injuries in his person and has suffered great mental and physical pain, and was crippled and disfigured for life and was rendered for a long time unable to work and earn money, and was rendered permanently less able to work and earn money, and was put to great trouble, inconvenience and expense for medical attention, care and nursing in and about his efforts to heal and cure his said wounds and injuries." "Second count. Plaintiff claims of the defendant the further sum of ten thousand dollars damages, for that heretofore, to-wit, on the fourth day of December, 1899, defendant was operating a line of railroad from Decatur, Alabama, to Huntsville, Alabama, and was engaged in the business of a common carrier of passengers along its line for hire by means of a certain train propelled by a steam locomotive engine; that on said day plaintiff was being carried on said train as its passenger, his destination being said Huntsville; that when said train was in said Huntsville plaintiff was engaged in or about alighting from said train, and while plaintiff was so engaged defendant through its servant or agent negligently caused said train to suddenly jerk

or start, or give other sudden or severe motion unexpected to plaintiff, and as a proximate consequence thereof, plaintiff was thrown to the ground and received the injuries as set out in the first count of this complaint as above amended."

The court gave the affirmative charge for defendant as to the third count; hence that is not here copied.

The evidence in the case shows that the plaintiff, David Roebuck, boarded the train of the defendant about the 4th of December, 1899, at Bell-Mina, in Alabama, to go to Huntsville. The evidence shows that the plaintiff was not acquainted with the surroundings at Huntsville; that when the train got to a crossing about a quarter of a mile from the depot at Huntsville, the porter of the train called out, "All out for Huntsville;" that the plaintiff went then on the platform and down onto the step, but did not attempt to get off the train. The evidence further shows that it was dark at that point, and no indications of a depot; that the train started up from the crossing to go to the depot; and that when the engineer put on the air brake to stop at the depot, it caused the car to slack up, but the jar was not an unusual one for that purpose; and plaintiff who was still standing on the steps of the car, fell off and was injured. The evidence showed further that none of the crew of the railway company, or any agents or servants of the railway company, knew anything about the plaintiff being on the platform before or at the time of his injury. The evidence further shows that the plaintiff fell off the platform somewhere from one hundred to two hundred feet from the depot, between the depot and the crossing where the train had originally stopped, he having ridden on the steps of the car from the crossing up to the point where he fell off.

The court, at the request of the plaintiff, gave to the judy the following written charges: (1.) "Gentlemen of the jury, I charge you that it was the duty of the defendant carrier to use the highest degree of care, diligence and skill known to careful, diligent and skillful persons engaged in such business; and if you find that it did not use such care, diligence and skill, and that as a result of such failure to use such care, diligence and

skill, plaintiff received the injuries complained of in this suit, then you must find for the plaintiff." (2.) "Gentlemen of the jury, I charge you that the voluntary leaving of the car by plaintiff while in motion is not negligence *per se;* but it is for you to say whether or not the plaintiff acted as a reasonable, prudent and cautious man would have acted under like circumstances; and if you believe from the evidence that the plaintiff acted as a reasonably prudent and cautious man would have acted under like circumstances, and further believe that the injury complained of resulted from a fall from defendant's train, then your verdict must be for the plaintiff." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "If you believe the evidence you must find for the defendant." (2.) "If you believe the evidence, you must find for the defendant on the first count of the complaint as amended." (3.) "If you believe the evidence, you must find for the defendant on the second count of the complaint as amended." (11.) "I charge you, gentlemen of the jury, that if you believe the plaintiff was riding on the bottom step of the platform in the dark, and while the train was in motion, and that his so riding contributed proximately to his own injury, you must find a verdict in favor of the defendant." (12.) "If you believe from the evidence that the plaintiff was injured by the stoppage or checking up of the train caused by the engineer putting his air brakes on in the usual manner preparatory to stopping at the station, you must find a verdict in favor of the defendant." (14.) "If you believe from the evidence that the plaintiff fell 100 or 150 or 200 yards from the depot, they must find a verdict for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $1,000. The defendant appeals, and assigns as error the rulings of the court in giving the charges requested by the plaintiff and refusing to give the charges requested by the defendant.

[Southern Railway Company v. Roebuck.]

SMITH & WEATHERLY and E. D. SMITH, for appellant. (1.) The first charge given for the plaintiff ignores the question of plaintiff's contributory negligence. (2.) The second charge given for plaintiff is wrong in that it charges that the leaving of the car by appellee, under the circumstances shown by the evidence, was not negligence *per se.* (3.) Injuries received while unnecessarily riding on a platform cannot be recovered for. *Hickey v. Boston R. R.,* 14 Allen 429; *Willis v. Lynn R. R.,* 129 Mass. 351; *A. G. S. R. R. Co. v. Hawk,* 72 Ala. 112; *Quinn v. Ill. Cent. R. R.,* 51 Ill. 495. (4.) For an injury received while riding on a platform there can be no recovery unless it was wantonly inflicted. *Taylor v. Danville, etc., R. R.,* 10 Brad. Ill. App. 311; *Camden R. R. v. Hoosey,* 99 Pa. St. 434. (5.) Permission to ride on a platform does not excuse an act of negligence in so doing.—*S. & N. R. R. Co. v. Schauffler,* 75 Ala. 136; *Miles v. R. R. Co.,* 88 Ala. 256; *Rickets v. R. R. Co.,* 85 Ala. 600; *R. R. Co. v. Holmes,* 97 Ala. 332; *R. R. Co. v. Letcher,* 69 Ala. 106; *Smith v. R. R. Co.,* 88 Ala. 538. (6.) There was a variance which authorized the giving of the general charge, as well as charge 12, requested by defendant, in that the complaint averred that plaintiff was thrown from the train by a jerk or sudden movement thereof, whereas the evidence showed that he was thrown from the step by the stopping or checking up of the train in the usual manner.—*Smith v. Causey,* 28 Aa. 655; *R. R. Co. v. Burton,* 97 Ala. 240; *H. A. & B. R. R. v. Winn,* 93 Ala. 306; *L. & N. R. R. v. Johnson,* 97 Ala. 436; *R. R. Co. v. Calderwood,* 89 Ala. 247.

A. L. BROWN and BOWMAN, HARSH & BEDDOW, for appellee.—(1.) Charge No. 1 given for plaintiff was proper.—*E. T. V. & G. R. R. Co. v. Clark,* 74 Ala. 443; *Tapscott v. Gibson,* ... Ala. ....; *Farley v. Smith,* 39 Ala. 38. (2.) Charge No. 2 for plaintiff was proper. *B. R. & E. Co. v. James,* 121 Ala. 120; *Watkins v. B. R. & E. Co.,* 120 Ala. 147. (3.) The defendant was not entitled to the general affirmative charge or the other charges requested.—*James' Case,* 121 Ala. 120; *Watkins' Case,* 120 Ala. 147; s. c. 26 So. Rep. 1029.

27s

McCLELLAN, C. J.—Charge 1 given for plaintiff may have a tendency to mislead the jury which should have been corrected by a request for an explanatory instruction, but it is abstractly sound. If *the* cause of plaintiff's injuries was the failure of defendant to observe due care and exercise due skill in discharging toward him its duties as a common carrier, the company was of course liable in this action. And that is the meaning of this charge. Properly interpreted by its terms it predicates liability upon a result produced *solely* by the fault of the defendant, and excludes the idea that defendant would be liable for a result flowing from its own negligence in connection with another cause—the contributory negligence of the plaintiff.

The second charge given for plaintiff is not open to the criticisms made in the brief for appellant. It has been often decided that the leaving of a car while in motion is not necessarily and as matter of law negligence on the part of a passenger. Nor can it be said to be negligence *per sc* for a passenger when he is informed by the carrier that the train is about to stop at his destination, and especially when he has been directed or invited by the carrier to leave the car, to take a position on the platform or the steps of the car preparatory to alighting. And having taken such position under the circumstances shown in this case, it was for the jury to find and not for the court to declare whether he was guilty of negligence in remaining there in a position to comply with the carrier's direction or invitation for the length of time the plaintiff maintained that position on the occasion of his injury.—*Birmingham R'y & Elec. Co. v. James*, 121 Ala. 120; *Watkins v. Birmingham R'y & Elec. Co.*, 120 Ala. 147. Upon these considerations we approve also the action of the trial court in refusing charge 11 requested by defendant.

The first count of the amended complaint seeks a recovery for the negligence of defendant's servants in causing plaintiff "to be engaged in or about alighting from said train at a place and under circumstances when and where it was unsafe for plaintiff to be so engaged in or about alighting." And there was evidence tending

to support this count of the complaint. Now, it may have been that the element of danger in the situation into which the defendant's servants induced plaintiff to go was the stopping or checking of the train, while plaintiff was so engaged in and about alighting, by the usual and customary application of the air brakes at that place, that plaintiff was, therefore, in a sense injured by such application of the brakes and consequent stopping or checking of the train; but, though there was no negligence on the part of the trainmen in this connection, and no recovery could be had for such stopping or checking the train, there yet was negligence in causing plaintiff to subject himself to the danger to one on the platform or steps incident to such application of the brakes and consequent stopping or checking of the train; and the stopping or checking was the cause of the injury only in the sense that it constituted the danger to which defendant carelessly exposed the plaintiff. Under the first count, therefore, it was open to the jury to find for plaintiff on account of the negligence of defendant's servants in causing him to be where the sudden stopping or checking of the train would throw him, or cause him to fall off the train, and this though such stopping or checking was not negligent. Charge 12 requested for defendant would, to say the least, have tended to mislead the jury to find for defendant upon the mere absence of negligence from the act of applying the brakes, though the fact that it was usual and customary to apply the brakes in that way at that time and place served to prove and accentuate the negligence averred in this count as constituting to a greater or less extent the dangerous character of the place defendant had caused plaintiff to be in. The charge was, therefore properly refused.

Charge 14 proceeds upon the untenable theory that if plaintiff, having gone onto the platform or steps in reasonable obedience to the admonition of defendant's servants, viz.: "All out for Huntsville," having just previously announced to the passengers the near approach to that city, remained there while the train ran a distance of about two hundred yards, he was guilty of negligence as a matter of law. It was properly refused.

Whether a man of ordinary prudence would have so remained under all the circumstances was clearly a question for the jury.

We find no error in the record, and the judgment will be

Affirmed.