## CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD COMPANY v. WORTHINGTON.

[No. 3,991.   Filed November 25, 1902.   Rehearing denied February 20, 1903.   Transfer denied March 31, 1903.]

CARRIERS.—*Injury to Passenger While Attempting to Alight.—Negligent Calling of Station.—Proximate Cause.*—Plaintiff was a passenger on defendant's train at night. Defendant's employes in charge of the train negligently called the station, opened the car door, and stopped the train at a point not within forty rods of the station called which was plaintiff's destination. Plaintiff, believing that the train was at the station called, was attempting to alight, when the train suddenly jerked throwing her to the ground causing permanent injuries. *Held*, that the negligent calling of the station, and not the jerking of the train, was the proximate cause of the injury. *pp. 664–668.*

EVIDENCE.—*Night-Time.—Judicial Notice.*—The court will take judicial notice that at 3:20 a. m., on the 12th of October it is not daylight. *p. 668.*

APPEAL.—*Excessive Damages.—Review.*—A judgment will not be reversed on appeal on the ground that the damages assessed are excessive, where there is nothing in the record to indicate that the damages assessed are so large as to induce the belief that the jury must have been actuated by prejudice, partiality, or corruption, or that they misunderstood or misapplied the evidence. *p. 668.*

PLEADING.—*Negligence.*—Negligence may be sufficiently pleaded, where the facts stated are sufficient to show negligence, though the acts complained of are not specifically designated as negligent. *pp. 669, 670.*

From Rush Circuit Court; *Douglas Morris*, Judge.

Action by Ida Worthington against the Cincinnati, Hamilton & Indianapolis Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. D. Marshall, B. L. Smith, Claude Cambern* and *D. L. Smith*, for appellant.

*G. W. Young* and *J. V. Young*, for appellee.

WILEY, J.—Action by appellee against appellant to recover damages for injuries sustained while a passenger upon one of appellant's trains. Answer in denial, trial by jury,

and verdict for appellee.  Over appellant's motion for a new trial, judgment was entered upon the verdict.

Overruling a demurrer to the complaint and overruling the motion for a new trial are assigned as errors.

The complaint avers that on the 11th day of October, 1900, appellee purchased of appellant at Rushville, Indiana, a ticket from Rushville to Indianapolis and return; that on the return trip, on the morning of October 12, at about three o'clock, while it was yet dark, appellant's servants and employes, in charge of and managing the train on which appellee was a passenger, carelessly and negligently called the city of Rushville station, stopped said train, and opened the door of the car in which appellee was riding, as an invitation for her and other passengers to alight, although said train was not within forty rods of said station; that when appellee attempted to alight from said train, supposing it was at the station, as had been called by appellant's servants, said train suddenly jerked and threw her off of the car to the ground below, dislocating her shoulder, and bruising and permanently disabling her.  The complaint further avers that appellee's injuries were caused by the carelessness and negligence of appellant, and without any fault on her part.

The objection urged to the complaint is that the negligent acts charged against appellant were not the proximate cause of the injury, but that appellee's injury was directly chargeable to the sudden jerking of the train, after she had gone to the platform and was in the act of getting off.  Because the complaint fails to aver that the train was negligently "jerked," counsel contend that no actionable negligence is charged.  It is the duty of employes in charge of passenger trains to call stations, in order that passengers may be advised so that they may be ready to leave the train at their destination promptly and with all reasonable dispatch.  Passengers have the right to rely upon such announcement, and this right is emphasized when it is dark and they can not see for themselves.  It may be conceded that if the calling

of the station, which it is averred was negligently done before it was reached, was not the proximate cause of appellee's injury, then the complaint is bad.

The complaint avers that it was dark, and, as above stated, she had a right to rely upon the announcement made, and it was her duty to make all reasonable preparation to alight. The moving cause of her leaving her seat and going to the platform of the car, in the discharge of her duty to leave the train with all reasonable dispatch after she had reached her destination, as she supposed, was the fact that the station where she desired to alight and to which her ticket entitled her to be carried, was the announcement of the station by the servant of appellant. The train came to a stop immediately following the announcement of the station. Appellee was thereby induced to go to the platform of the car, upon such invitation to alight, and was thus placed in a position of peril. If the station had not been so announced, it is reasonable to suppose that she would have remained in her seat in a place of safety, and in such a position the sudden jerking of the train would have been harmless to her. It must necessarily follow that her injury is directly traceable to the negligence of appellant's servant in calling the station before it was reached. The calling of the station, the stopping of the train, appellee's going to the platform, and the sudden jerking of the train, are so intimately connected that they must be considered as one transaction, and this leads to the conclusion that the proximate cause of the injury was the negligence charged.

In support of appellant's position that the sudden jerking of the train was the proximate cause of the injury, and, as it is not charged that such jerking was negligent, the complaint does not state a cause of action, we are cited to the case of *Kentucky, etc., Bridge Co.* v. *Quinkert,* 2 Ind. App. 244. Our examination of that case leads us to the conclusion that it does not support appellant's position and is not in conflict with our holding here.

The carrier of passengers is held to the exercise of a very high degree of care, and for a failure to use this care is responsible to a passenger who suffers an injury in a case where no fault of his contributes. *Terre Haute, etc., R. Co.* v. *Buck,* 96 Ind. 346, 49 Am. Rep. 168; *Jeffersonville R. Co.* v. *Hendricks,* 26 Ind. 228.

It is the rule that stopping a train at an unusual place places a railroad company presumptively in the wrong, and the *onus* of explaining it is thrown upon the company. *Memphis, etc., R. Co.* v. *Whitfield,* 44 Miss. 466, and cases cited on page 484, 7 Am. Rep. 699.

We are now dealing with a question of pleading, and, as shown by the complaint, the place where the train was stopped, and where appellee was thereby invited to alight, forty rods from her point of destination, was an unusual, and we might add an improper, place for the train to stop, so far as is shown by the complaint. The demurrer to the complaint was properly overruled. All other questions in the record are presented under the motion for a new trial. Appellant's motion for a new trial rests upon three grounds: (1) and (2) that the verdict is not sustained by sufficient evidence and is contrary to law; and (3) that the damages are excessive.

The first two reasons for a new trial may be considered together. It is disclosed by the evidence that appellant's track crosses the track of another railroad at or near the point where Rushville was called by the brakeman, and where the door of the coach in which the appellee was riding was opened and propped open for passengers to pass through in leaving the train. As to whether the train came to a full stop, or merely "slowed up" at this crossing, is a question about which there is a sharp conflict. A number of witnesses testified that the train came to a full stop, while others testified that it only "slowed up." It is urged by counsel for appellant that if appellee attempted to leave the train when it was in motion, she was guilty of contributory

negligence and could not recover. Grant this to be the rule, yet the jury were warranted in reaching the conclusion that the train came to a full stop.

There is also a conflict in the evidence as to whether appellee was on the step or platform of the car when she was thrown off. There was ample evidence, if the jury believed it, to show that just as she reached the platform, and before she began to descend the steps, the train jerked and she was thrown from the platform to the ground. We can not see what material difference it makes whether she was on the steps or platform. If she was on either at the invitation of appellant, and the train had stopped, and she was in the exercise of reasonable care, and was thrown off by the sudden jerking of the train, whether she was on the platform or steps, would not lessen appellant's liability.

It is contended by counsel that appellee was guilty of negligence in attempting to get off the train at the crossing, on the theory that she lived at Rushville, was acquainted with the location of the depot, knew it was on the south side of the track, and knew that the Big Four and Lake Erie & Western tracks crossed appellant's tracks about forty rods west of appellant's depot. It is also claimed that it was not so dark but that she could have seen, if she had looked, that the train was not at the station, and that it was her duty to use her eyes. The evidence does show that appellee lived in Rushville. She testified that she had never been over appellant's road but twice, and did not know of the location of the Big Four crossing, but heard there was such a crossing. There is no evidence contradicting her statements on these points. One witness, who was also a passenger, and was getting off the train immediately behind appellee, testified that a brakeman passed through the coach where they were riding, called "Rushville" twice, and propped the car door open; that appellee and she started for the door when the train stopped; and just as appellee got to the platform she was thrown off. Appellee was asked and

answered the following questions: "Tell the jury why you could not see the ground? A. Because I did not have time before I was knocked off. Was it light enough to have seen the ground? A. No. Was it cloudy? A. It was dark." The conductor in charge of the train testified that the train left Indianapolis at about 1:45 a. m., and reached Rushville about 3:20 a. m. The court will take judicial notice that at that time in the morning on the 12th of October it is not daylight. So appellee is corroborated in her statement that it was too dark to see.

From all the evidence we are unable to see in what particular instance appellee can be charged with contributory negligence. As to whether she was or not was a question for the jury, and by their general verdict that question was solved in her favor. There is ample evidence to sustain the verdict. This leaves the question of excessive damages to be considered. The evidence as to the extent of appellee's injuries is not without conflict, neither is it clear that her injuries are permanent, or only temporary. The evidence of a physician who attended her shows that she was very badly injured in many ways. One of her shoulders was dislocated, her face was bruised and blackened, one of her eyes was swollen shut, her nose was cut to the bone, her lip cut through, and she suffered great pain. At the time of the trial he could not say whether her shoulder was permanently injured or not. There is nothing in the record to indicate that the damages assessed are so outrageously large as to induce the belief that the jury must have been actuated by prejudice, partiality, or corruption, or that they were influenced by improper considerations, or that they misunderstood or misapplied the evidence. This being true this court will not reverse a judgment on the ground that the damages assessed are excessive. *Indianapolis St. R. Co.* v. *Robinson,* 157 Ind. 414; *Evansville, etc., R. Co.* v. *Weikle,* 6 Ind. App. 340;

*Cleveland, etc., R. Co.* v. *Kinsley,* 27 Ind. App. 135, and cases there cited.

We do not find any reversible error. Judgment affirmed.

Roby, C. J., Robinson and Black, JJ., concurring; Henley, J., not participating; Comstock, J., absent.

## CONCURRING OPINION.

Roby, C. J.—An intervening agent, in order to break the chain of events between appellant's alleged negligence and appellee's alleged injury, must have been independent. It does not appear that any independent agent intervened in any way. The act which appellant now claims caused the injury was its own act. Exemption from responsibility can not thus be secured. *Kraut* v. *Frankford, etc., R. Co.,* 160 Pa. St. 327-335.

## ON PETITION FOR REHEARING.

Roby, C. J.—The argument presented in support of the petition for a rehearing is confined to the question of proximate cause as it arises upon the averments of the complaint. That pleading is, in part, as follows: "That on the return trip on said ticket, at about the hour of three o'clock a. m., on the morning of October 12, 1900, while it was yet dark, said defendant's (corporation's) servants and employes in charge of and managing and operating and controlling a locomotive and train of cars then and there being operated and run over and upon said railroad on which said plaintiff was a passenger, carelessly and negligently called the city of Rushville station, and stopped said train, and opened the door of said car in which plaintiff was riding, as an invitation for her and others to alight from said train, although said train was not within forty rods of said station. And when said plaintiff attempted to alight from said train, supposing it was the station, as had been called by defend-

ant's servants, said train suddenly jerked and threw said plaintiff off of said car to the hard ground below, thereby dislocating her shoulder, and bruising and permanently disabling her; that said injury was not caused by the negligence of plaintiff, but was caused by the negligence of defendant's servants and employes, to her damage," etc. The sudden jerking of the train is not, in terms, designated as negligent. "The question of negligence or no negligence is to be determined from the facts pleaded, and the presence or absence of general epithets adds no real force to the facts stated. If the facts stated are sufficient to show negligence, the absence of epithets does not impair their force; if they are not sufficient, no mere epithets can supply the want." *Weis* v. *City of Madison*, 75 Ind. 241, 246, 39 Am. Rep. 135; *Island Coal Co.* v. *Clemmitt*, 19 Ind. App. 21; *Blue* v. *Briggs*, 12 Ind. App. 105, 106; *Louisville, etc., R. Co.* v. *Wood*, 113 Ind. 544. Having caused its passenger to go upon the platform in the night-time for the purpose of getting off its train at a station, no epithets are required to show that the jerking of the train, while she was in the act of alighting, with the degree of force specified, was necessarily a breach of the duty owing to her. It follows that speculation as to which particular specified act done or omitted by appellant was the proximate cause of the injury is without practical interest.

If we continue to grant appellant's assumption that the invitation to alight must appear to be the proximate cause of the injury complained of, still the complaint is, under well settled and often declared principles, sufficient. The negligent calling of the station, opening the door, and stopping the train, concurring with other conditions created by appellant, caused the injury. "Two or more conditions that may each be harmless, or even beneficial, when taken separately, may yet be exceedingly hurtful, and even dangerous, when taken together. It is the combination of ingredients that makes the deadly poison, although the sep-

arate elements may be quite innocent." *Lake Shore, etc.,*
*R. Co.* v. *McIntosh,* 140 Ind. 261, 274.

Negligence may be the proximate cause of an injury of
which it is not the sole or immediate cause.   It is enough
for it to be the efficient cause which set in motion the chain
of circumstances leading up thereto.   *Lake Shore, etc., R.*
*Co.* v. *McIntosh, supra; Alexandria Mining, etc., Co.* v.
*Irish,* 16 Ind. App. 534; *Louisville, etc., R. Co.* v. *Nolan,*
135 Ind. 60, 65; *White Sewing Machine Co.* v. *Richter,* 2
Ind. App. 331; *Board, etc.,* v. *Sisson,* 2 Ind. App. 311,
317; *Grimes* v. *Louisville, etc., R. Co.,* 3 Ind. App. 573.
" 'Where an injury is the combined result of the negligence
of the defendant, and an accident for which neither the
plaintiff nor the defendant is responsible, the defendant
must pay damages, unless the injury would have happened
if he had not been negligent.' " *Reid* v. *Evansville, etc., R.*
*Co.,* 10 Ind. App. 385, 391, 53 Am. St. 391; *Board, etc.,* v.
*Sisson, supra; City of Mt. Vernon* v. *Hoehn,* 22 Ind. App.
282; *Knouff* v. *City of Logansport,* 26 Ind. App. 202, 84
Am. St. 292.   Had appellee remained in the car, she would
not have been injured.   That she did not do so is alleged to
have been due to the negligence of the appellant.   It thereby
put into operation the chain of events which, without inter-
vening agencies, resulted in the injury complained of.

The petition is overruled.