## Wytheville.

JOHNSON v. ATLANTIC COAST. LINE RAILROAD COMPANY.

June 12, 1919.

Absent Burks, J.

1. CARRIERS OF PASSENGERS—*Alighting at Station—Starting Again After a Stop.*—If a carrier of passengers announces a station, throws open the door of the car and apparently stops the train, and then when a passenger, misled thereby, comes out of the car to alight, suddenly and without warning starts the train with a violent jerk and throws the passenger off, the latter, unless he has himself been guilty of negligence, has a cause of action for resulting injuries. And the fact that the stop, or the apparent stop, was due to a proper operation of the locomotive, due to the crossing of another railroad, does not affect the passenger's case, where she was not appraised of this fact.

2. CARRIERS OF PASSENGERS—*Announcing Station.*—Although under section 1294-d, clause 6, Code of 1904, it is the duty of the company to have a station announced, yet it is negligence to announce it in such way and under such circumstances as to mislead a passenger to her injury.

Error to a judgment of the Circuit Court of the City of Suffolk in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Jas. H. Corbitt* and *John K. Hutton,* for the plaintiff in error.

*Mann & Townsend* and *Wm. B. McIlwaine,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

[1]   This is a writ of error to a judgment sustaining a demurrer to the evidence in an action for personal injuries brought by Lois Johnson, by her next friend, against the Atlantic Coast Line Railroad Company.

Applying to the evidence the familiar rule of decision upon a demurrer thereto, the following facts must be regarded as established:   The defendant is a common carrier of passengers.   On the night of February 11, 1917, the plaintiff was a passenger on one of the defendant's trains, having paid her fare to Suffolk, her intended destination. She had frequently traveled over the route before in the day time, but this was her first trip at night, and she was not familiar with the appearance at and around the station after dark.   As the train approched Suffolk, the porter clled out "Suffolk," and threw open the door leading to the front platform of the coach.   The train slowed down to a stop, or so nearly so that the plaintiff and others in the coach thought it had come to a stop.   The plaintiff looked out, saw electric lights, and, believing that she had arrived at Suffolk, picked up her suitcase and walked out on the platform to get off, when the car suddenly lurched forward with a jerk of unusual violence which threw her to the ground and caused the very serious injuries for which she brought this suit.

It appears that just before the defendant's track reaches the station at Suffolk it crosses the track of the Norfolk and Western Railway Company, and that the stop, or what appeared to the plaintiff to be a stop, at the time of her injury, was due to a proper operation of the locomotive by the engineer, whose right to proceed over the crossing depended upon signals at that point.   The plaintiff's case however, is not affected by this fact, as she was not apprised of it.   *Van Horn* v. *Central Railroad,* 38 N. J. L. 133.

Upon the only testimony which we are permitted to consider on the demurrer to the evidence, the plaintiff is entitled to recover.   If a carrier of passengers announces a

station, throws open the door of the car and apparently stops the train, and then when a passenger, misled thereby, comes out of the car to alight, suddenly and without warning starts the train with a violent jerk and throws the passenger off, the latter, unless he has himself been guilty of negligence, has a cause of action for resulting injuries. This seems to us the natural and just conclusion, and it is abundantly supported by authority. *Bartholomew* v. *N. Y. C., etc., Co.,* 102 N. Y. 716, 7 N. E. 623; *Taber* v. *D., L. & W. R. Co.,* 71 N. Y. 489; *Cincinnati, etc., R. R. Co.* v. *Worthington,* 30 Ind. App. 663, 65 N. E. 557, 66 N. E. 478, 96 Am. St. Rep. 335; *So. Ry. Co.* v. *Roebuck,* 132 Ala. 412, 31 So. 611; *Van Horn* v. *Central Railroad, supra;* *Kansas City Southern Ry. Co.* v. *Davis,* 83 Ark. 217, 103 S. W. 603; 2 L. R. A. (N. S.), note 115; 9 L. R. A. (N. S.), note 1113; 3 Thomp. Neg. sec. 2870; *Idem.* White's Supp., sec. 2870 and note 57; 4 R. C. L., pp. 1248, 1249, and cases cited.

[2] The defendant company relies very strongly upon the provisions of section 1294-d, clause 6, of the Code of Virginia, which provides that every railroad company shall cause to be announced twice in each passenger car, within a reasonable time beofre its arrival at a station at which it is to stop, the name of such station. It is quite true that it was the duty of the company to have the station announced, but it was negligence to announce it in such way and under such circumstances as to mislead the plaintiff to her injury.

There was evidence on behalf of the defendant tending to show that the plaintiff was guilty of contributory negligence, but that evidence was in conflict with the evidence on her behalf, and upon the demurrer must be disregarded.

We are of opinion that the demurrer to the evidence ought to have been overruled, and this court will enter an order to that effect, and award judgment to the plaintiff in accordance with the conditional verdict of the jury.

*Reversed.*